MARY E. LIST *vs.* CHESTER MINER.

Second Judicial District, Norwich, May Term, 1901.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

The rule that one accused of crime is presumed to be innocent, belongs to criminal law, and should not be applied in a civil action for damages for an indecent, carnal assault. In such a case there may be a natural inference of more or less force in favor of the defendant, arising from the fact that men in general obey the law; but the mere failure of the court to call the attention of the jury to such a familiar presumption is not error.

The court charged the jury that the plaintiff must prove by a fair preponderance of evidence the presence of the defendant at the times and places of assault as alleged; that it was for them to determine as a question of fact whether the defendant's alibi had been established or not, "but that when it is established to the satisfaction of the jury it is as good a defense as any." *Held* that the charge taken as a whole upon this point was not incorrect.

The complaint alleged that the defendant, on two occasions, violently assaulted the plaintiff, and against her will debauched and carnally knew her, by reason of which she became pregnant and was delivered of a bastard child. In the charge the jury were told that they might give exemplary or vindictive damages if they found "wilful and malicious misconduct on the part of the defendant." *Held* that the allegations, if proved, presented a clear case for exemplary damages, as stated by the court.

A charge must be considered with reference to the evidence and to the claims of the parties as actually made on the trial. If it correctly states the law applicable thereto, it is not erroneous because it fails to touch upon a point not made at the trial.

Argued May 28th—decided July 23d, 1901.

ACTION to recover damages for an indecent, felonious assault, brought to the Superior Court in New London County and tried to the jury before *George W. Wheeler, J.;* verdict and judgment for the plaintiff for $1,000 damages, and appeal by the defendant for alleged errors in the charge of the court. *No error.*

The complaint contains two counts, in each of which it is alleged, in substance, that the defendant on two separate occasions violently assaulted the plaintiff, and against her will debauched and carnally knew her, by reason of which she became pregnant and was delivered of a bastard child.

The defense was a general denial.

The evidence for the plaintiff tended to prove the following facts: The plaintiff, a woman about twenty years old and apparently "mentally and physically weak and below the average," went, in the first week in March, 1899, to the house of the defendant to return some books she had borrowed of his wife, and saw him at work near the door. She asked him if his wife was at home, and he said "yes" and requested her to go into the house. In fact his wife was not at home, and there was no one in the house or near by. He followed her into the house, bolted the door, and immediately assaulted and carnally knew her, she screaming and resisting to the extent of her ability. On the 25th or 27th of the same month, the plaintiff, while on her way across lots to the house of a neighbor, in the afternoon, was again assaulted by the plaintiff, who sprang out of a place of concealment, threw her upon the ground, and against her will carnally knew her. "As a consequence thereof the plaintiff became pregnant with child and on January 11th, 1900, was delivered of said child which subsequently died." "The plaintiff did not tell any one of these assaults until the following September, because as she says, there was no woman" at the house where she lived. The plaintiff also claimed to have proved that the defendant had admitted that he had had connection with her.

The defendant claimed to have proved the following facts: The plaintiff's statement of these assaults was impossible, and was contradicted by her prior statement of them in and

out of court. When the alleged assaults took place the defendant was elsewhere, and he had never assaulted her at all, nor had any connection with her. The ground was covered with snow eight or ten inches deep when the assault in the lot is said to have occurred. Both of the places where it is said he carnally knew her are near the highway, and not remote from public travel and observation. No criminal complaint was sworn out or issued against the defendant. There was never seen on the plaintiff, by any one, any evidence of injury or struggle, on her part, nor did she make any disclosure or complaint of these assaults until her pregnancy became apparent, in September.

It is found that no evidence was offered on the trial of the expense of the litigation, or of the costs of bringing and maintaining the suit or of taxable costs ; and no instruction or information upon these subjects was given by the court to the jury. Neither party requested the court in writing to charge the jury. The verdict was for $1,000 damages.

The reasons of appeal are all based upon claimed errors in the charge, and the portions of it claimed to be erroneous are sufficiently stated in the opinion.

*Hadlai A. Hull*, with whom was *William F. M. Rogers*, for the appellant (defendant).

*Thomas H. Peabody* and *Herbert W. Rathbun*, for the appellee (plaintiff).

TORRANCE, J. The reasons of appeal in this case, taking them as they are in the defendant's brief, raise three principal questions : (1) Did the court err in its statement of the rule as to the burden of proof? (2) Did it properly instruct the jury as to the rule of damages? (3) Did it charge correctly upon the question of the assault and consent of the plaintiff thereto?

With reference to the first question, the defendant claims that the court erred in two respects: (1) In failing to call the attention of the jury to the presumption of innocence

which he claims existed in his favor in this case; (2) in requiring the defendant to establish his alibi "to the satisfaction of the jury."

The court charged the jury that it was incumbent upon the plaintiff to prove the substantial allegations of her complaint by a fair preponderance of evidence; and that this is the rule in this State, even in cases like the present which charge acts constituting a crime as well as a civil wrong, the defendant does not deny. *Mead* v. *Husted*, 52 Conn. 53. Of this part of the charge, as far as it goes, he does not complain, but he says the court should have gone further, and called the attention of the jury to the presumption of innocence which he says exists in favor of a defendant in cases like the present, where the acts charged constitute a crime as well as a tort.

The claim of the defendant upon this point is not made with clearness, either upon the record or in the brief. It may mean either (1) that the judge should have charged the jury, as in a criminal case, with reference to the claimed presumption of innocence; or (2) it may mean that he should have called their attention to the natural presumption or inference in favor of the defendant in cases like this, arising out of the criminal character of the acts charged against him. Which of these meanings he had in view in urging his claim upon this point is not clear, and therefore both will be considered.

If he meant the first, we cannot assent to his claim. The rule as to the presumption of innocence belongs to criminal law, and should be applied only in criminal cases. It properly forms part of, and belongs with, that other rule, applied in criminal law, which prescribes that guilt shall be proved beyond reasonable doubt; and where, as in this State, the latter rule is not applied in cases like the present, the former rule likewise ought not to be applied.

If he meant the second, then we think the failure of the court to call the attention of the jury to the presumption or inference referred to was not error. The fact that men in general do not break the law but obey it, do not commit crimes but abstain from so doing, furnishes ground, ordinarily,

for an inference of more or less force, according to circumstances, in favor of one charged with doing a wrong or committing a crime. The presumption of innocence applied in criminal cases is but a particular application, in a special class of cases, of this general rule of common sense and convenience, that men in general, in the absence of evidence to the contrary, are presumed to be free from blame. Thayer's Prel. Treat. on Ev. p. 553. We are bound to assume, upon the record in this case, that the jury, as men possessed of ordinary knowledge and experience, were familiar with the inference above referred to, and with the fact upon which it is based, and that they applied their knowledge and experience in reaching their verdict in this case. It was their duty to do this without being told to do so by the court, and there is nothing upon the record to indicate that they did not perform their duty. The mere failure of the court to call the attention of the jury to this presumption was not error.

The claim that the court erred in its charge respecting proof of the alibi is without foundation. The court called the attention of the jury to the evidence in support of the claimed alibi, and said to them, in effect, that it was for them to determine as a question of fact whether the alibi had been established or not, but that "when it is established to the satisfaction of the jury, it is as good a defense as any."

It is of this sentence in quotation marks that the defendant complains. He says it put upon him, in establishing the alibi, a greater burden than the law imposed upon him. The record fails to show this. The jury were told, in effect, in other parts of the charge, that the plaintiff must prove by a fair preponderance of evidence the presence of the defendant at the times and places of assault as alleged; and then they were told, in effect, in the part complained of, that if they were satisfied that he was not present as alleged, it would be a good defense. Taking the charge upon this point as a whole, it was not incorrect.

Upon the question of damages the court said that the damages should be the actual compensatory damages, "damages which naturally flow from and are the consequence of an

List *v.* Miner.

unlawful act or assault; " and of this the defendant does not complain. The court, however, added that in addition to such damages the jury were at liberty to give exemplary or vindictive damages, if they found " willful and malicious misconduct on the part of the defendant" towards the plaintiff; and that if they found it to be a case for exemplary damages, then these damages should be confined to the expense of the litigation, less the amount of the taxable costs in the case.

The defendant says it was not a case for exemplary damages, mainly, because, as we understand him, "no malice is charged in the complaint." The complaint sets forth such misconduct on the part of the defendant as makes this a clear case for exemplary damages, if the allegations are true; and the charge is clearly in accordance with the law as laid down in all of our own decisions upon this subject. *Maisenbacker* v. *Society Concordia*, 71 Conn. 369, and cases cited therein.

The third and last question is, did the court charge correctly upon the question of the consent of the plaintiff to the assaults made upon her?

The defendant claims that the jury must have been misled by what he calls " the total lack of charge upon that element " of consent. Upon this part of the case the court told the jury that upon the pleadings and the evidence this was not a case for seduction, nor a prosecution for rape, but was an action for an assault and battery, committed, as alleged in the complaint, against the will and consent of the plaintiff; and charged them further upon this point as follows: " I have said that this charge in those two counts is what is popularly known as an assault. An assault is an attempt or offer with force and violence to do a corporal hurt to another, and when the assault is consummated it becomes a battery. In this case the charge is an assault and battery in each count; but as I said, it is popularly known as an assault. As has been said to you, any unlawful touching of another constitutes, in fact, an assault."

It is of the last sentence of the above quotation that the defendant more especially complains. He says: "This lan-

guage must have been understood by the jury to mean that if the defendant had carnal knowledge of the plaintiff with her full consent, or even by her solicitation, that he had committed upon her an assault for which she could recover; for in the language of the court it would have constituted unquestionably 'an unlawful touching of another.'" If any claim had been made during the trial, by either party, that whatever the defendant did to the plaintiff he did by her consent and allowance, or if there had been any evidence upon which such a claim might have been based, there would be some force in the objection that the defendant here makes to the charge; but there was no such evidence in the case and no such claim was or could be fairly made. The complaint charged a violent assault upon the plaintiff, made against her will and consent. The evidence for the plaintiff tended to prove just such an assault as was alleged, and not one of a different kind. The answer unqualifiedly denied any assault at all, and the defendant, by his evidence, denied absolutely that he had ever assaulted the plaintiff or had anything whatever to do with her. Before the jury, then, the claims of the parties were these: The plaintiff claimed that all the defendant did to her was done against and not with her consent and allowance; the defendant claimed that her story was untrue from beginning to end, and that he had never assaulted her or had carnal knowledge of her at all, with or without her consent.

It was with reference to these claims and this evidence that the part of the charge objected to was made. In view of the case as it was before the jury, upon the claims made and evidence adduced by the respective parties, we think the charge, upon the point in question, was sufficient. It was adapted to the issues actually made, and sufficient for the guidance of the jury in the case actually before them; and when this is so it is not error to omit to give instructions not asked for, upon a point not made at the trial. *Waters* v. *Bristol*, 26 Conn. 398; *Miles* v. *Strong*, 68 id. 273.

There is no error.

In this opinion the other judges concurred.