## ISAAC STERN *vs.* LEOPOLD SIMONS ET AL.

Third Judicial District, New Haven, June Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

Alleged errors of the trial court respecting the amount of damages which the plaintiff could recover in case the main issue was found by the jury in his favor, become immaterial if the verdict is for the defendant.

Requests to charge which are largely objectionable both in form and substance may well be disregarded by the trial court.

In an action against a pawnbroker for selling the pawned article without notice to the pawnor after expiration of the time for redemption, the trial court charged that the sale of the pledge, in the absence of any special agreement, must be public, and only after notice of the time and place to the pawnor, but that a special agreement permitting a private sale without notice to the pawnor would be valid, and that a sale made in compliance with such an agreement would not be a wrongful conversion. *Held* that such instructions were substantially correct.

The only issue raised by the pleadings was whether there was a special agreement permitting such sale without notice. *Held* that a request to charge as to the legal effect of a special agreement depriving the pawnor of all equity in the surplus proceeds of the sale was irrelevant and should have been denied; and that the party who made the request could not complain of a partial compliance therewith.

Where the existence of a custom among pawnbrokers as to the mode of sale of unredeemed articles is put in issue by the pleadings, it is not error to admit evidence of such a custom.

The parties were at issue as to the terms of a contract made by certain conversations and by the words of a pawn ticket. *Held* that evidence of a general custom among pawnbrokers as to the point in dispute, and of the parties' knowledge of it, was admissible as a circumstance tending to show the actual understanding of the parties.

If there is some evidence in support of the verdict rendered it is within the legal discretion of the trial court to refuse to set it aside upon the ground that it is against the evidence.

Argued June 7th—decided August 12th, 1904.

ACTION in the nature of conversion, brought to the City Court of New Haven and tried to the jury before *Tyner, J.;*

verdict and judgment for the defendants, and appeal by the plaintiff. *No error.*

The reasons of appeal assign error in the refusal of the court to charge in all respects as requested by the plaintiff in writing; in the charge as given; in the rulings upon the admission of evidence; and in the denial of the plaintiff's motion to set aside the verdict and grant a new trial on the ground of a verdict against evidence.

*Benjamin Slade* and *Maxwell Slade,* for the appellant (plaintiff).

*Robert C. Stoddard,* for the appellees (defendants).

HAMERSLEY, J.   The plaintiff claims damages for the wrongful conversion by the defendants of a ring, the property of the plaintiff.   The complaint alleges that the plaintiff delivered the ring to the defendants by way of pledge for a loan of $50, under a contract by which the defendants promised to redeliver the ring upon the plaintiff's payment of said loan; that the wrongful conversion consisted in the defendants' selling the ring without notice of any kind to the plaintiff, and the defendants' refusal to redeliver the ring upon tender of the amount of the loan and interest, made by the plaintiff.

The answer denies the allegation as to the contract of pledge, alleging that the ring was delivered in pursuance of an agreement that the defendants should hold said ring for six months, and, if not redeemed within that time by the plaintiff, should sell the same without further notice to the plaintiff; and admitting the other facts alleged by the plaintiff.   This fact, namely, did the plaintiff make an express agreement with the defendants authorizing them to sell the ring, if not redeemed within six months, without further notice to the plaintiff, was submitted to the jury by the pleadings as determinative of the plaintiff's alleged cause of action. The verdict of the jury found this fact for the defendants and the court rendered judgment for them accordingly.

No question as to the mere amount of damages, had the jury found the main issue for the plaintiff, and no question as to the liability of the defendants in a different action for any part of the proceeds of the sale, if lawfully made by them, can affect the validity of the judgment thus rendered, and no such question is properly raised in this appeal.

The facts as conceded upon the pleadings and trial were these : The defendants are pawnbrokers and the plaintiff applied at their pawnshop for a loan upon a diamond ring. There were negotiations between the parties which resulted in the pawn of the plaintiff's diamond ring to secure a loan of $50, the plaintiff receiving the usual pawnticket upon which was printed, with other information as to the course of business, the following : " Goods pawned will not be kept longer than 6 months from date of ticket, and no further notice will be given." The plaintiff did not redeem the ring within six months, and did not offer to redeem it until eleven months from the date of the ticket. After the expiration of six months, that is, more than eight months from the date of the ticket, the defendants put the ring on sale and sold it in the usual course of business. As to the contested fact, the defendants claimed that upon the evidence produced as to the language and conduct of the parties in the negotiations which resulted in the pawn of the ring and the delivery of the pawnticket therefor, an express agreement was proved whereby the plaintiff agreed that if he did not redeem the ring within six months the defendants might sell the same at private sale without further notice. The plaintiff claimed that the evidence was wholly insufficient to prove such an agreement, but on the contrary it did clearly prove a pawn of the ring without any special agreement. In submitting this question of fact to the jury the court substantially charged, in compliance with the requests of the plaintiff, that the contract of pawn implies a right in the pawnee, upon default by the pawnor, to sell the article pawned for the purpose of enforcing payment of the debt secured thereby, and that this right of sale, in the absence of an agreement prescribing the manner of sale, must be exercised by a public sale after due

notice of the pawnee's intention to sell and of the time and place of sale ; and that if the jury should find no special agreement was made between the plaintiff and defendants, the sale as admitted by the defendants was a wrongful conversion of the plaintiff's property, and their verdict must be for the plaintiff. The court further charged that if the jury should find upon the evidence produced as to the negotiations and conduct of the parties that the plaintiff and defendants did in fact make a special agreement controlling the manner of sale, as claimed by the defendants, that an agreement thus made is valid and not against public policy, and that the sale made by the defendants in pursuance of that agreement was not a wrongful conversion, and their verdict must be for the defendants. There is no error in this.

The plaintiff asked the court to charge the jury as to the legal effect of a special agreement purporting to deprive the pawnor of all equity in the surplus proceeds of a sale of the article pawned. This question is wholly impertinent to the issues framed by the parties, as well as to the state of the evidence and the claims made upon trial. The plaintiff cannot now complain of the court's partial compliance with his request. The written requests to charge, as framed by the plaintiff, were largely objectionable in form and substance, and the court very properly disregarded them as a whole. The charge as given is substantially correct and adequate for the disposition of the questions submitted to the jury and determined by their verdict.

The defendants alleged in their answer that having received the ring in pursuance of the special agreement stated, and the plaintiff having failed to redeem the same within six months, they put it on sale and sold it in the usual course of business and pursuant to the custom of all pawnbrokers in this State. This allegation was denied by the plaintiff. Upon trial the defendants offered testimony tending to prove a custom among pawnbrokers, as alleged, and it was admitted by the court against the objection of the plaintiff. The admission of this testimony was not ground for a new trial. *Adams* v. *Way*, 32 Conn. 160. The plaintiff, however,

complains of the charge of the court in commenting on this evidence. The court told the jury that a custom such as the defendants claimed could not of itself justify them in selling the ring without notice as they did, but that if the jury should find there was in fact an established and well known custom among pawnbrokers to sell articles pawned in the usual course of business, at the end of six months without notice, followed by the defendants in the conduct of their business, and this custom was known to the plaintiff so that both parties conducted their negotiations in view of this common knowledge, the jury might consider such fact in deciding whether or not a special contract was made and what that contract was. It seems to us clear that when the agreement in question is to be proved by the language and conduct of the parties in the negotiations ending in the delivery of the ring, the knowledge of a general custom in the conduct of the defendants' business may tend to prove what the parties really meant and mutually understood in what they said and did, and so be relevant to the fact in issue, namely, the existence and terms of the agreement alleged. We think the comments of the court were fully as favorable to the plaintiff as he could demand, and, as applied to the state of evidence, were substantially correct.

The reasons of appeal raise no other questions of law as to rulings on evidence or charge of the court, pertinent to the real issues involved, which are entitled to special mention.

The plaintiff moved that the verdict be set aside and a new trial granted, on the ground that the verdict was against the evidence. The court denied the motion and this denial is assigned as error. It is evident that there is some evidence tending to prove the special agreement alleged by the defendants. There is nothing in the record which necessarily implies misconduct on the part of the jury. In denying the motion the court acted within its legal discretion.

There is no error in the judgment of the City Court.

In this opinion the other judges concurred.