BENJAMIN G. HULL *vs.* JOHN DOUGLASS.

Third Judicial District, New Haven, June Term, 1906.

BALDWIN, HAMERSLEY, HALL, PRENTICE and THAYER, Js.

In denying a motion for a nonsuit, the trial court exercises a discretion which cannot be reviewed upon appeal.

An award of $600 for painful personal injuries inflicted by a vicious bull, cannot be said to be excessive, nor to imply undue sympathy or corruption upon the part of the jury.

In cases of this nature there can be no certain and definite measure of damages, and the amount in each instance must depend largely upon the honest judgment of the trier.

A charge to the jury which lays down the law correctly and as fully as the evidence and appropriate claims of the parties require, is a sufficient compliance with several requests to charge, each one of which attempts to state portions of the law on the subject and ends with a demand that the verdict must be for the requesting party.

The complaint alleged that the defendant owned a large bull known to him to be of a vicious disposition, which he knowingly allowed to trespass upon a cow pasture of the plaintiff's father, where it attacked and seriously injured the plaintiff. *Held* that upon

Hull *v.* Douglass.

proof of these allegations the jury were justified in awarding the plaintiff exemplary damages.

Although the jury should be instructed in express terms that exemplary damages must be limited to the amount of the plaintiff's expenses of litigation less his taxable costs, yet where the charge is clearly to that effect and there is nothing to support a different implication, a new trial will not be awarded for the omission of such an express direction.

The failure of a party, who is present in court during the trial, to testify in denial or explanation of the evidence produced against him, entitles counsel for his opponent to comment thereon and to treat it in argument as a refusal on the part of such party to take the stand in his own behalf.

Argued June 7th—decided July 30th, 1906.

ACTION to recover damages for personal injuries caused by a vicious bull of the defendant which had been knowingly allowed to trespass in the inclosure of the plaintiff's father, brought to the Court of Common Pleas in New Haven County and tried to the jury before *Ullman, J.;* verdict and judgment for the plaintiff for $600, and appeal by the defendant. *No error.*

The complaint alleges, in substance, that on August 8th, 1905, the defendant owned and for a long time prior thereto had owned a large bull of vicious disposition, accustomed to attack men and do mischief ; that on said day and for a week prior thereto the defendant, with full notice of the vicious disposition and habits of said bull, knowingly allowed said bull to trespass upon a cow pasture belonging to the plaintiff's father, and negligently suffered said bull to remain in said pasture without legal right, well knowing it was likely to do mischief ; that on said day the plaintiff, while in said pasture upon a lawful errand and in the exercise of due care, was attacked, thrown to the ground and gored by said bull, and thereby greatly bruised and injured, so that his life was despaired of, he was made sick and ill in body and mind, suffered great pain, was confined to his bed and disabled for a long time. The answer denies each allegation of the complaint. Upon the issues of fact thus raised, the case was tried to the jury,

who returned a verdict for the plaintiff, assessing the damages at $600. The court accepted the verdict and rendered judgment accordingly.

After the plaintiff had produced his evidence and rested his case, the defendant moved for a judgment as in case of nonsuit, under General Statutes, § 761; after the verdict was returned, the defendant moved to set aside the verdict as contrary to the evidence and because the damages were excessive. These motions were denied, and the trial court certified to this court all the evidence in the cause pursuant to General Statutes, § 805.

The trial court (*Ullman, J.*) made a finding for the purpose of presenting upon appeal the claims of law arising upon the trial. It also appears in the finding that the defendant was present in court during the trial, and no explanation was offered upon his behalf for his failure to testify in denial of any of the testimony produced by the plaintiff; that the plaintiff's counsel during his argument to the jury stated that the defendant had refused to take the stand in his own defense, and that thereupon defendant's counsel moved that said statement be withdrawn and the jury instructed to pay no attention to it; and that the court did not so instruct the jury.

Upon motion of the defendant, a certified statement of the evidence and rulings in the case was made a part of the record in pursuance of General Statutes, § 797. The reasons of appeal assigned are as follows: 1. The court erred in denying the defendant's motion for a nonsuit. 2. The court erred in denying the defendant's motion for a new trial because the verdict was against the evidence and the damages excessive. 3. The court erred in refusing to charge the jury in conformity with each of the defendant's requests to charge, respectively. 4. The court erred in charging the jury as follows: "If you find a verdict for the plaintiff he will be entitled to any damages that will compensate him for the injuries which he suffered in consequence of the acts complained of; and in determining that you may consider properly any men-

tal or physical suffering which he had endured in consequence of it, or any expense that he was put to, if any expense has been shown." 5. The court erred in charging the jury as follows: "If you find that the conduct of the defendant was wanton and malicious, without any color of justification or excuse, the law is so that where an act is done wantonly or maliciously, and without any color of justification or excuse, then in such case what is called punitive or vindictive damages may be given in addition to the actual damages which the party suffered by reason of the injury, as a sort of smart money, to teach the defendant and others in like cases better than to do such a thing. And if you find this to be a case warranting such damages, you may in addition to the rule which I have laid down to you with reference to what the law calls damages for the mental and physical suffering which the plaintiff has endured, take into consideration the expense he has been put to in excess of the taxable costs in procuring this action." 6. The court erred in charging the jury as follows: "There is also some testimony on the part of Giles Hull, who says Mr. Douglass practically admitted that the bull was in his charge on August 8th, and that nothing was said as to any one else being in charge, or having the care and custody of the animal at that time. This testimony you are to consider, and see whether it is to be believed, or not." 7–14. The court erred in rejecting and admitting testimony of witnesses as stated in the finding and in the record. 15. The court erred in refusing to order the statement made by Mr. Fowler during his argument to the jury, as stated in the finding, to be withdrawn, and in not instructing the jury to pay no attention to it.

*Seymour C. Loomis* and *Cornelius J. Danaher*, for the appellant (defendant).

*Oswin H. D. Fowler*, for the appellee (plaintiff).

HAMERSLEY, J. The trial court in denying the defendant's motion for a nonsuit exercised a discretion which

cannot be reviewed upon appeal. General Statutes, §§ 761, 762; *Bennett* v. *Agricultural Ins. Co.*, 51 Conn. 504, 512.

We find nothing in the record to justify the suspicion that the jury were influenced by prejudice, corruption, or partiality; on the contrary, it seems too plain for argument that any jury, having heard the testimony reported to us and considered it in connection with an appropriate charge of the court, might reasonably and properly reach the conclusions of fact certified by the verdict of the jury in this case. We cannot, therefore, affirm error of the action of the trial court in denying the defendant's motion for a new trial because the verdict was against the evidence. *Burr* v. *Harty*, 75 Conn. 127, 130, 52 Atl. 724. The verdict is not unlawful by reason of the amount of damages assessed. The jury having found that the plaintiff was attacked by a vicious bull belonging to the defendant and by him recklessly permitted to be at large, whereby the plaintiff's life was put in peril and painful bodily injuries inflicted of a nature and extent requiring medical and surgical attendance and disabling him for some time, it cannot be said that an assessment of $600 damages by the jury for such wrong and injuries necessarily implies that the verdict was influenced by undue sympathy or corruption. In injuries of this character there can be no certain and definite measure of damages, and the amount in each case must depend largely upon the honest judgment of the trier. The decision of the trial judge in this case, that a new trial should not be granted on the ground that the damages were excessive, should have been accepted as decisive. *Rogers* v. *Fitzgerald*, 72 Conn. 731, 43 Atl. 551.

The court properly refused to charge the jury in conformity with each of the defendant's requests to charge. The request that the court direct the jury to return a verdict for the defendant upon the undisputed testimony of the plaintiff, was objectionable for several reasons, and especially because the undisputed testimony of the plaintiff could only be controlling in establishing or failing to establish the material facts in issue by reason of the infer-

ences of fact the jury might properly draw from that testimony in connection with other facts supported by the evidence. The claim involved in the request that the court instruct the jury that the plaintiff must show, as a condition precedent to a recovery, that his inclosure was surrounded by sufficient and legal fences, is manifestly unsound in view of the facts in issue under the pleadings. General Statutes, §§ 1364, 4079, 4080; *Hine* v. *Wooding*, 37 Conn. 123, 126; *Barnum* v. *Vandusen*, 16 id. 200; 1 Sw. Dig., s. p. 551. The court did charge the jury in relation to the question of fences with sufficient fullness and general accuracy. No exception to the charge on this point is taken. The remainder of the requests to charge attempts to state in separate paragraphs portions of the law defining contributory negligence, and substantially asks the court to instruct the jury that by reason of each several statement contained in these paragraphs their verdict must be for the defendant. This request as framed by the defendant was objectionable, and the court properly declined to charge the jury in the language of the request. *Marlborough* v. *Sisson*, 23 Conn. 44, 54; *Seeley* v. *Litchfield*, 49 id. 134, 138. The court did charge the jury upon the law of contributory negligence and ordinary care, with substantial accuracy, and as fully as the state of evidence and appropriate claims of the parties required. This was a sufficient compliance with the defendant's requests. *Stern* v. *Simons*, 77 Conn. 150, 153, 58 Atl. 696; *State* v. *Rathbun*, 74 Conn. 524, 527, 51 Atl. 540. No exception is taken in the appeal to the charge as given on this point.

The court did not err in charging the jury as set forth in the fourth, fifth, and sixth assignments of error. The facts alleged in the complaint imply such misconduct on the part of the defendant as makes this a proper case for "exemplary damages," if the allegations are true. *List* v. *Miner*, 74 Conn. 50, 55, 49 Atl. 856. While the damages, not exceeding the plaintiff's expenses in the litigation of the suit, which the jury may award in actions of tort like the one before us, are in fact and effect com-

pensatory and not punitive, yet they are in practice variously termed exemplary, punitive, vindictive, or smart money; and the charge of the court is not erroneous merely because, in correctly telling the jury when they may take into consideration such expenses, it speaks of the damages as commonly called by one or the other of these terms. *Hanna* v. *Sweeney*, 78 Conn. 492, 62 Atl. 785; *St. Peter's Church* v. *Beach*, 26 Conn. 355; *Welch* v. *Durand*, 36 id. 182; *Burr* v. *Plymouth*, 48 id. 460; *Maisenbacker* v. *Society Concordia*, 71 Conn. 369, 42 Atl. 67. The charge in this case did not, as it properly should, in express terms instruct the jury that the damages they might award under the name of exemplary damages must be limited in amount by the amount of the plaintiff's expenses less the taxable costs in the suit. We think, however, that the charge in view of all the circumstances appearing in the record did in effect so advise the jury, and that there is nothing in the charge to support a different implication, and therefore the exception taken to the charge in *Hanna* v. *Sweeney*, 78 Conn. 492, 495, 62 Atl. 785, does not apply to the charge in this case. The passage of the charge in which the court states to the jury that in determining compensatory damages " you may consider properly any mental or physical suffering which he had endured in consequence of it, or any expense that he was put to, if any expense has been shown," in connection with the other parts of the charge, did not mislead the jury into the belief that the plaintiff, a minor, could in this action recover expenses incurred on his behalf by his father. Upon this point the charge as a whole leaves no room for misconception. The court in commenting on the testimony of Giles Hull did not, as claimed by the defendant, misstate the evidence. In so far as the charge implied any opinion of the court as to the weight of evidence, it was properly expressed.

The rulings of the court upon the admission of testimony, as detailed in the finding, mainly relate to the discretionary control of cross and redirect examination, are

substantially correct, and in no instance harmful to the defendant. They do not call for special mention.

As to the last assignment of error, the plaintiff's counsel had the right to state in argument, and emphasize, the fact that the defendant, present in court during the trial, had failed to testify in denial of any of the testimony produced by the plaintiff, and that no explanation was offered on his behalf of his failure to testify. *Wilson* v. *Griswold*, 79 Conn. 18, 63 Atl. 659. It was fairly within the latitude allowed to counsel in argument to call it a refusal on the defendant's part to take the stand in his own defense.

There is no error in the judgment of the Court of Common Pleas.

In this opinion the other judges concurred.