NATHAN GURFEIN *vs.* CHRISTOPHER RICKARD.

Third Judicial District, Bridgeport, April Term, 1918.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

In an action to recover damages for injury to plate glass through its negligent transportation, the evidence of both parties was to the effect that the breakage was caused by "improper loading" which the exercise of merely ordinary care would have prevented; and the main issue was whether the defendant had undertaken to do the whole job, as the plaintiff claimed, or only to furnish the horses, truck and driver, as the defendant insisted. The jury returned a verdict for the plaintiff and the defendant appealed. *Held* that under these circumstances it was not material whether the defendant contracted as a common carrier or as a private carrier, since he would have been obliged to exercise ordinary care at least in either capacity, and therefore was responsible for the injury due to his failure to observe such care; and that for this reason the trial court was not bound to distinguish between the degree of care to be observed by public and by private carriers, especially as such instructions would have tended only to confuse the jury in deciding the case before them.

The sufficiency of a charge is to be determined with reference to the claims actually made by the parties and passed upon by the jury, as they appear in the finding, and not upon those which theoretically might have arisen on the pleadings.

While statements made in a charge with reference to testimony before the jury do not import verity, they may, unless questioned, be assumed to be correct for the purpose of aiding this court to understand the claims as set forth in the finding and the issues of fact actually litigated.

Argued April 11th—decided May 28th, 1918.

ACTION to recover damages for injuries to four cases of plate glass which the defendant was alleged to have undertaken to transport as a common carrier, brought to the Court of Common Pleas in Fairfield County and tried to the jury before *Walsh, J.;* verdict and judgment for the plaintiff for $1,790, and appeal by the defendant. *No error.*

The complaint alleged that the defendant was a common carrier and negligently failed to transport safely and deliver certain packages of plate glass entrusted to him for that purpose. The second defense admitted that the defendant was a common carrier of certain kinds of goods, not including plate glass, and alleged that on the occasion in question he rented to the plaintiff a truck with a driver and team of horses for the transportation of certain plate glass, upon the express undertaking that the plaintiff should assume full responsibility for its safe transportation. The jury found for the plaintiff, and from the judgment entered upon the verdict the defendant appeals for alleged errors in the charge.

*Thomas M. Cullinan,* for the appellant (defendant).

*Henry E. Shannon,* for the appellee (plaintiff).

BEACH, J. The basic question of fact was whether the defendant agreed to transport the glass at all, or whether he simply rented a team, truck and driver to the plaintiff for that purpose. In the latter case the defendant would owe no other duty to the plaintiff than to furnish him a team, truck and driver reasonably suitable for the transportation of plate glass; and since the findings show that the plaintiff made no claim that the team, truck and driver were not suitable for the purpose, the verdict of the jury could not

have been for the plaintiff, unless they found, as their verdict indicates, that the defendant did agree to transport the glass. This disposes of the second defense, and also of the denials in the first defense that the plaintiff received the glass for transportation.

The other question raised by the pleadings is whether the defendant transported the glass as a common carrier or as a private carrier, and that question is material only as it affects the degree of care which the defendant was bound to exercise in transporting the glass. All of the assignments of error pursued on the brief are based upon the theory that the jury was not adequately instructed on this point with reference to the various issues of fact in the case. It is apparent, however, from the findings, that the actual issues litigated were much narrower than those which might theoretically have arisen on the pleadings. It was claimed by both parties that the damage was caused by improper loading and insecure bracing of the glass upon the truck, which caused it to tip over against an electric light pole. The plaintiff and the defendant made the same claims as to the cause of the damage, and in the same words, except that each claimed that the improper loading and bracing was done exclusively by the employees of, and under the direction of, the other party.

The phrase "improper loading," used by both parties to describe the cause of the damage, implies a want of ordinary care and skill which a truckman— though acting at the time as a private carrier—is supposed to exhibit and possess. Besides, it appears from the charge of the court in summing up the testimony, that three bystanders, two called by the plaintiff and one by the defendant, testified that the lack of care and skill exhibited by the persons loading the truck was so apparent that each of them, acting independently, remonstrated and pointed out the danger of

attempting to transport glass so loaded and braced. Although the charge of the court does not import verity, it may, if not questioned, be assumed to be correct for the purpose of aiding in the understanding of the claims as stated in the finding and of the issues of fact actually litigated. *Jackson* v. *Lacy*, 92 Conn. 256, 102 Atl. 584.

It is therefore beyond question that both parties, by their claims and by the testimony they adduced, agreed that the damage was caused by a lack of ordinary care on the part of those responsible for the loading of the truck. The real controversy of fact, upon this branch of the case, was whether the admittedly negligent loading was done by the servants of the plaintiff or by the servants of the defendant, and upon this issue the jury has found in favor of the plaintiff.

The assignments of error pursued on the brief are based on the alleged failure of the court to explain to the jury, in accordance with defendant's requests to charge, the degree of care devolving upon the defendant if certain facts were found proven; and also upon the alleged error of the court in instructing the jury that the defendant had admitted that he was a common carrier. The legal effect claimed for these alleged errors is that the defendant may have been held to a higher obligation than that of exercising ordinary care. But, as already stated, the distinction between the obligation of the defendant as a private carrier to exercise ordinary care and the obligation of the defendant as a common carrier to exercise a higher degree of care, lost its materiality when the damage was traced by common consent to a specific cause involving want of ordinary care on the party responsible for the loading of the truck. The trial court was not bound to charge the jury at large upon the liability of carriers public and private. It was dealing only with

the concrete case on trial, and the sufficiency of the charge is to be determined with reference to the claims actually made by the parties and passed upon by the jury as they appear in the finding. Since these findings show that both parties agreed in attributing the damage to improper loading of the truck involving want of ordinary care, the court was not bound to confuse the issue by legal distinctions not applicable to the case on trial.

There is no error.

In this opinion the other judges concurred.