ISMAELE NOTARFRANCESCO, ADMINISTRATOR, vs.
HILLARD SMITH.

First Judicial District, Hartford, May Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES and HINMAN, Js.

Where the finding in a jury case is not attacked upon appeal, and the evidence is not made part of the record, the jury may be deemed to have found proved each fact which the appellee claimed to have proved, and to have found not proved each fact which the appellant claimed to have proved.

There is no legal distinction between direct and circumstantial evidence. All evidence is essentially circumstantial in that it consists of the proof of certain circumstances from which the trier is asked, in the exercise of reason and common sense, to draw the desired inferences and conclusions; and, therefore, there was no merit to the plaintiff's claim in the present case that the trial court erred "in failing to charge the jury that due care on the part of the deceased may be proved by circumstantial evidence."

A witness may testify as to his knowledge of a person's conduct, but he may not invade the function of the trier by giving his own opinion as to whether or not such conduct constituted negligence.

In charging the jury that the plaintiff could recover only upon proof of such acts of negligence as were alleged in the complaint, the trial court enumerated several of them, including the defendant's "lack of control of his machine" and his failure to keep a "proper lookout," but made no specific reference to the allegation that the defendant, "upon seeing the decedent upon the highway and in a position of danger, failed to slow down his automobile, but turned to the left and in the same direction in which the decedent was traveling, thereby running into the decedent." *Held* that the plaintiff was not prejudiced

Notarfrancesco v. Smith.

by this omission, since the jury were expressly directed by the trial court to examine for themselves the averments of the complaint, and since the allegation in question, reduced to its essential elements, was adequately and substantially comprehended by the references of the trial court to "lack of control" and failure to keep a "proper lookout."

If, upon the facts claimed to have been proved by the plaintiff, he was not guilty of contributory negligence and, upon the facts claimed to have been proved by the defendant, the plaintiff's negligence continued as a co-operating cause of the accident until the very moment of its occurrence, there is no occasion for the trial court to charge the jury upon the subject of the last-clear-chance, especially where the plaintiff does not invoke the doctrine either in his complaint or requests to charge.

Argued May 6th—decided July 30th, 1926.

Action to recover damages for the death of the plaintiff's intestate, alleged to have been caused by the negligence of the defendant, brought to the Superior Court in Hartford County and tried to the jury before *Marvin, J.;* verdict and judgment for the defendant, and appeal by the plaintiff. *No error.*

*Frank Covello,* with whom, on the brief, was *Francis A. Pallotti,* for the appellant (plaintiff).

*Joseph F. Berry,* for the appellee (defendant).

Curtis, J. The plaintiff offered evidence to prove: That plaintiff's decedent, DeRosa, proceeded from the west curb of Windsor Street, in Hartford, between two cars parked on the westerly side of the street, and as he emerged from between the cars and started to cross the street, the defendant, who was driving his automobile southerly on Windsor Street, Hartford, at a moderate speed, when about thirty-six feet distant from him, turned his car to the left causing it to strike DeRosa when he had reached a point about three quarters of the way—thirty-four feet—across the street. After the automobile passed over the east curb

Notarfrancesco *v.* Smith.

it proceeded on until it struck a building on the east side of the street and then defendant backed the car out and it again passed over the body of DeRosa. The brakes on defendant's automobile, both foot and emergency, at the time of the accident, were defective. If defendant had continued on in a southerly direction instead of turning to the left, DeRosa would have crossed the street in safety. If defendant had had his automobile equipped with proper brakes, and had seen, or should have seen, DeRosa, he could, by applying his brakes, have stopped his car within twenty-two feet. The defendant, before reaching decedent, did not sound a horn or give any warning of his approach. DeRosa received injuries from which he died.

Defendant offered evidence to prove: That he noticed the decedent as he was about to come out between the two cars parked on the westerly side of this street and was then about thirty-six feet distant from him, or three lengths of his car. On reaching DeRosa he suddenly started to cross from the west to the east side of the street in the path of defendant's automobile. Defendant blew his horn twice; the decedent looked toward the approaching car and, when it was about six to eight feet distant from him, suddenly hurried directly into the path of the automobile. The defendant attempted to avoid striking decedent by turning his car to the left, but the distance was so close that the right-hand front fender struck him and dragged him across the street. Defendant, before making this turn, had been driving his car about two to three feet from the parked automobiles on the west. He was keeping a proper lookout and gave suitable warning to decedent, who paid no heed to it, but endeavored to cross in front of the automobile when it was extremely hazardous to do so. The defendant could not have stopped the car in this distance. His brakes were in

good working order. He did not use the brakes because he could not have stopped the car in time with them. The street was clear except for the parked cars, and there were no other vehicles in motion at or near the scene of the accident. The decedent was guilty of negligence which essentially contributed to cause his death, and the defendant's own negligence did not materially contribute to cause decedent's death.

The evidence in this case was not certified to this court. No claim was made that the finding should be corrected under General Statutes, § 5829. We have before us a case presenting merely the pleadings and the facts which each party claimed to have proved. In such a situation it must be borne in mind that the jury could find any fact claimed to have been proved, as proved or not proved. The jury may be deemed to have found each fact proved as to which the defendant offered evidence and claimed to have proved, and that each fact was not proved which was claimed to have been proved by the plaintiff.

The questions presented by the reasons of appeal in this case are whether the court erred, in view of the pleadings and the facts claimed to have been proved, in its charge to the jury as set forth in the appeal, or in its refusal to charge as requested.

The plaintiff claimed that "the court erred in failing to charge the jury that due care on the part of the deceased may be proved by circumstantial evidence." The law raises no distinction between direct and circumstantial evidence. A fact may be testified to by a witness as having been seen by him, also a series of facts may be so testified to, and the jury may be asked to consider what are reasonable and fair conclusions and inferences to be drawn from such fact or series of facts if proved. Negligence or contributory negligence cannot be testified to as having been seen. The most

Notarfrancesco *v*. Smith.

that a witness can do is to testify to the conduct of a party as seen by him; he cannot testify as to his own conclusion or opinion as to whether such conduct amounted to negligence; the jury must draw the conclusion as to whether or not the conduct testified to (if the testimony is credited) constituted negligence.

In the case of *State* v. *Rome,* 64 Conn. 329, 331, 30 Atl. 57, the court quotes with approval this citation from a charge by *Hamersley, J.,* in that case: "It is sometimes said that circumstantial evidence is not as satisfactory as direct evidence. As a general proposition, that is not true. Indeed, all evidence is essentially circumstantial evidence; that is, evidence in every case consists in proof of certain circumstances from which," the trier is asked, "in the exercise of . . . reason and common sense," to make inferences. The court further said, in substance, on page 332: It is plainly to be seen that in every case inferences must be drawn from circumstances, and "that all satisfactory proof must depend on circumstantial evidence"; and, further, that "for the practical purposes of the trial there is no difference between what is called circumstantial evidence and what is called direct evidence," and that "any attempt to so classify evidence serves only to confuse and to divert the minds of the jury from the single legitimate question," which is, Does the evidence in this case prove the essential facts in the case? Enough has been said to disclose that the above claimed ground of error cannot be sustained.

The claimed third ground of error cannot be sustained and could not profitably be discussed.

The eighth ground of error (related to the third ground) is that the court erred in refusing to charge as follows: "The decedent had as much right to use the portion of the highway which he was using as the defendant had, even though he was a pedestrian. He was

not bound to go to a crosswalk unless reasonable care on his part required." This request was sufficiently covered by the charge given.

The fourth claim of error is that the court erred in charging the jury as follows: "The second element in the plaintiff's case which he must prove by a fair preponderance of the evidence is the negligence of the defendant, and the plaintiff is restricted to proof of acts of negligence as set forth in the complaint. You will have that complaint in your charge and can examine it and will see that the points wherein the plaintiff alleges that the defendant was negligent are: first, in relation to speed; second, as to failure to give any warning; third, as to lack of control of his machine, which, I suppose, is more or less bound up in the question of the alleged insufficiency of the brakes; and lastly, that the defendant kept no proper lookout."

The plaintiff claimed in his brief that the portion of the charge above given was erroneous for the following reason: "In thus instructing the jury, the court committed error, because paragraph five of the complaint, besides the acts of negligence which were mentioned by the court, also sets forth the negligence of the defendant 'that upon seeing the decedent upon the highway, and in a position of danger, he failed to slow down his said automobile, but turned to the left, and in the same direction in which the decedent was traveling, thereby running into the decedent.'"

The plaintiff in the complaint specified the negligence of the defendant as follows: "5. The defendant was negligent in that at the time and place aforesaid he drove his said automobile at a high and excessive rate of speed; in that he failed to keep a proper lookout for the plaintiff and others lawfully upon the highway; in that he failed and neglected to give any warning of his rapid approach upon the highway; in

Notarfrancesco v. Smith.

that upon seeing the decedent upon the highway, and
in a position of danger, he failed to slow down his said
automobile, but turned to the left, and in the same
direction in which the decedent was traveling, thereby
runing into the decedent; in that he failed and
neglected to have proper brakes on his said automobile;
and in that he was otherwise negligent in the opera-
tion of his said automobile having due regard for the
locality where he was driving, weather conditions, and
the time of the day."

The court, in the portion of the charge referred to,
specifically calls the attention of the jury to the com-
plaint itself as containing the acts of negligence relied
upon, briefly referring to each so far as to identify it.
In speaking of lack of control, the court was obviously
making such a reference to the allegation which begins
with the statement that the defendant failed to slow
down his automobile as containing the acts of negli-
gence relied upon, and clearly the jury must have
understood from the charge that the complaint itself,
which they had before them, was the source from
which they could learn the grounds of negligence relied
upon. The court in effect invited the jury to examine
the complaint to find there whether the detailed recitals
of the acts of negligence relied upon were accurate.

The plaintiff claims that he alleged that the defend-
ant was negligent because "upon seeing the decedent
upon the highway, and in a position of danger, he failed
to slow down his automobile, but turned to the left, and
in the same direction in which the decedent was travel-
ing, thereby running into the decedent."

If the jury followed the suggestion of the court and
examined the complaint, this ground of negligence
would have been read by them. But this specific
ground of negligence involved the following essential
elements: first, that the defendant did not keep a

proper lookout and thereby see the plaintiff in a position of danger, and second, did not then exercise due care in the speed of his car to avoid him, but negligently ran into him.

The portion of the charge objected to could not reasonably be understood as withdrawing the so-called omitted ground of negligence from the jury, but under the respective facts claimed to have been proved by the parties, and the absence of any restriction upon the argument of the plaintiff's case, it would be hypercritical to think that this ground of negligence was not fully presented to the jury and passed upon by them.

The objection to the charge referred to a failure of the defendant to keep a proper lookout, which involves the failure to see what a proper lookout would have disclosed, and also refers to speed of the car and the failure of the defendant to properly control his car, which involves a failure to properly guide it so as to avoid the plaintiff's decedent.

These are the essential elements of the so-called allegation of negligence claimed not to have been recited by the court; if we conceive that the jury did not in fact read the complaint and thereby become acquainted with the actual allegations of negligence, the charge given would have sufficiently impressed upon the jury the elements of the ground of negligence which the plaintiff claims the court failed to recite.

The plaintiff argues that the court erred in not instructing the jury as to the last-clear-chance doctrine. At the trial the plaintiff claimed to have proven that when the decedent started to cross the street the defendant was some thirty-six feet distant, proceeding at a moderate rate of speed, and that, when the decedent had gone about three quarters of the way across the street, the defendant turned his car to the left and struck him. In such a situation the plaintiff could

not well claim that the last-clear-chance doctrine was applicable; for that doctrine comes into operation only upon a finding that the deceased had been guilty of contributory negligence. *Nehring* v. *Connecticut Co.*, 86 Conn. 109, 120, 84 Atl. 301, 524. Nor did the plaintiff invoke that doctrine either in his complaint or requests to charge. On the other hand, the facts which the defendant claimed to have proved, if found true, would establish that the decedent was negligent and that his negligence continued as a co-operating cause of the accident to the very moment of its occurrence. *Deutsch* v. *Connecticut Co.*, 98 Conn. 482, 119 Atl. 891. The trial court was justified in submitting the case to the jury upon the basis of the claims of the parties as made upon the trial. *List* v. *Miner*, 74 Conn. 50, 49 Atl. 856; *Gurfein* v. *Rickard*, 92 Conn. 604, 103 Atl. 1002.

Other assignments of error are not such as to justify discussion.

There is no error.

In this opinion the other judges concurred.