PAUL R. SCHMEISKE, ADMINISTRATOR, vs. EDWARD F. LAUBIN ET AL.

First Judicial District, Hartford, March Term, 1929.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, Js.

Argued March 6th—decided April 30th, 1929.

*Jacob Schwolsky,* with whom was *Harry Schwolsky,* for the appellant (plaintiff).

*William D. Shew,* for the appellees (defendants).

BANKS, J. The plaintiff's intestate was struck by an automobile owned by one of the defendants and operated by the other, and received injuries which resulted in his death. The jury could reasonably have found the following facts, as to which there was little if any dispute: On May 20th, 1928, at about 7.30 p. m. the defendant Clarence Laubin was driving an automobile in a southerly direction upon Bloomfield Avenue in West Hartford, which was at that point a black, oiled macadam road twenty feet wide, with a five foot gravel shoulder on each side. He was driving between fifteen and twenty miles an hour with the right wheels of the car about three feet from the west edge of the

macadam. There were tall trees with overhanging branches on each side of the road. It had been raining just prior to the time of the accident and was dark, and the headlights on the car were lighted. Plaintiff's intestate, dressed in a dark suit, was walking on the macadam road about three feet from the westerly edge in the same direction in which the car was proceeding and was struck by the right front fender of the car, receiving the injuries which caused his death. Though the operator of the car was keeping a careful lookout, he could not and did not see the plaintiff's intestate until just before he was struck.

The plaintiff appeals from the denial of his motion to set aside the verdict claiming that, upon the practically undisputed facts, the operator of the car was negligent and the plaintiff's intestate free from contributory negligence as a matter of law. It is still true, as the plaintiff claims, that, in the absence of controlling legislation, a pedestrian has the right to walk, dressed in dark clothing, along a dark road, with his back to approaching traffic, but if he does so he is bound to exercise care proportionate to the danger inherent in such an undertaking. Obviously he is in a position of greater danger than if he were walking upon the shoulder of the road where automobiles would not be expected to be traveling, and he is bound to take some precautions for his own safety. *Murphy* v. *Adams,* 99 Conn. 632, 636, 122 Atl. 398. It does not appear that plaintiff's intestate took any. The plaintiff cannot justly complain because the question of the contributory negligence of his intestate was submitted to the jury as a question of fact.

The plaintiff contends that the operator of the car was negligent, as a matter of law, because of his failure to see plaintiff's intestate until an instant before he was struck, although the car was equipped with

headlights, in compliance with the statute, throwing sufficient light ahead to show an object upon the roadway two hundred feet distant. We passed upon that question adversely to the plaintiff's contention in *Baldwin* v. *Norwalk*, 96 Conn. 1, 112 Atl. 660. In answer to the claims there made that an automobile driver who, in the night time, collides with a substantial object on a straight highway, in the absence of any intervening objects which obscure his view ahead, should be presumed either to have seen the object or to have failed to see it because he did not have the lights required by statute, and that he was therefore guilty of negligence, we said (p. 6): "We do not construe the statute so as to create this dilemma. The statute must be construed in the light of common knowledge. It is common knowledge that substantial objects because of their composition or coloring, and the coloring of the surface or object upon which they rest, are visible in greatly varying degrees when artificial light is thrown upon them. They are not necessarily clearly visible. The plaintiff claimed that he was keeping a reasonable lookout upon the road ahead of him, but, by reason of the dark color of the mass of debris and the lights and shadows, he did not see the pile of debris of which he had no prior knowledge. It was a question for the jury to determine whether the plaintiff had at the time the lights required by statute, and whether a failure to have such lights was a proximate cause of the accident, and whether, if he had such lights, he was in the exercise of due care in failing to see and avoid the pile of debris under the surrounding circumstances on the night in question." It is a matter of common knowledge that a pedestrian, clad in dark clothing, upon the background of a dark road, and walking in the same direction in which an automobile is proceeding which is overtaking him from the rear,

will not under all circumstances be picked up by the headlights of a car at a distance of two hundred feet. In the present case it was not alleged or claimed by the plaintiff that there was any violation by the defendant of the statute requiring a motor vehicle to be equipped with headlights throwing sufficient light ahead to show an object upon the roadway two hundred feet distant. On the contrary, the plaintiff offered evidence to prove and claimed to have proved that the defendant's car was equipped with proper headlights in compliance with the statute, and contended that, the car being thus equipped, its driver was negligent as a matter of law in failing to see plaintiff's intestate in time to avoid striking him. Because a dark object, resting upon a dark background, may not be clearly visible under all conditions at a distance of two hundred feet in front of a motor vehicle equipped with headlights which meet the statutory requirements, the failure of the operator of such a vehicle to see such object at that distance may not conclusively establish a lack of due care on his part. The court did not err in submitting to the jury the question of the negligence of the operator of the defendant's car.

In his additional appeal the plaintiff predicates error upon two excerpts from the charge of the court and upon the failure of the court to give certain instructions. The portions of the charge criticized are both statements of the claims of the defendant, one as to the facts bearing upon the question of the defendant's negligence, and the other as to those bearing upon the question of the contributory negligence of plaintiff's intestate. The plaintiff treats them as though they were statements of fact or assumptions of fact by the court. As statements of the claims of one of the parties they are unexceptionable. The plaintiff filed no requests to charge. The charge as given was cor-

rect in law, adapted to the issues and sufficient for the guidance of the jury. The failure to give specific instructions upon special features of the case, as to which the court was not requested to charge, was not reversible error. *Vinci* v. *O'Neill,* 103 Conn. 647, 656, 131 Atl. 408.

One of the assignments of error is the failure of the court to charge upon the doctrine of supervening negligence. We have said that we could not sustain a verdict upon this doctrine when it was not made an issue in the case. *Russell* v. *Vergason,* 95 Conn. 431, 434, 111 Atl. 625. It may be presented as an issue in the case in either of two ways, "one by pleading facts by which it is directly and in terms alleged, the other by taking advantage of testimony adduced in the case and claiming the point for presentation to the jury." *Mezzi* v. *Taylor,* 99 Conn. 1, 10, 120 Atl. 871. When it is not invoked by the plaintiff either in his complaint or his requests to charge, the court is not obliged to charge upon the subject. *Notarfrancesco* v. *Smith,* 105 Conn. 49, 57, 139 Atl. 151. Indeed, to do so is to import into the case an issue foreign to the facts in evidence which may constitute harmful error. *Fine* v. *Connecticut Co.,* 92 Conn. 626, 630, 103 Atl. 901. Neither in his complaint, his argument to the jury, nor in a request to charge, was this issue presented upon the trial. The trial court was justified in submitting the case to the jury upon the basis of the claims of the parties as made upon the trial. *Notarfrancesco* v. *Smith, supra; Gurfein* v. *Rickard,* 92 Conn. 604, 103 Atl. 1002; *List* v. *Miner,* 74 Conn. 50, 49 Atl. 856.

There is no error.

In this opinion the other judges concurred.