MICHAEL ZUPANICK ET AL. *vs.* MAURICE L. FIELDING.

MALTBIE, C. J., HAINES, HINMAN, BANKS AND AVERY, JS.

Argued December 3d, 1931—decided February 16th, 1932.

*Frederick J. Rundbaken* and *Moses Hartzmark,* with whom, on the brief, was *Morris Blumer,* for the appellant (plaintiff).

*Ralph O. Wells,* with whom was *William S. Locke,* for the appellee (defendant).

HINMAN, J.   Main Street in East Hartford, at the point where the plaintiff was injured, consists of two main lanes of travel divided by grass plots.   On October 29th, 1930, the entire east lane was under construction and closed to travel by signs and barricades, and by red lanterns at night.   No portion of the west lane was under construction and it was used for travel in both directions.   The accident occurred after dark, at about eight-twenty p. m.   The plaintiff was a night watchman for the Connecticut Company and started to cross the west lane at an intersection thereof with a cross street.   His evidence was that he had proceeded about three feet from the easterly side of that lane when he stopped to allow a car coming from the north to pass, and was struck by the defendant's car which was traveling northerly.   The defendant's version of the circumstances is stated hereafter in connection with a ruling on evidence.   The specifications of negligence relied on were excessive speed under the surrounding circumstances and conditions, and failure to keep a proper look-out.   Without recital of the details we give the appellant the benefit of such corrections of the finding as are material to the only purpose served by it—review of the assignments of error pertaining to the charge.

The defendant was called by the plaintiff as a witness and upon his direct examination testified that he was driving his automobile, which was equipped with four-wheel brakes and lights in good condition and the latter were lighted; that on the day following he made a sworn statement that he was driving about twenty to twenty-five miles an hour when, opposite Prospect Street, he saw a man about twenty feet in front of him, applied his brakes, but the pavement was wet, the car slid, and struck the man with the left side of the bumper and he fell down in front of the car.

The scope of this testimony permitted inquiry on cross-examination as to the reason why he did not see the plaintiff at a greater distance, and he having answered, in effect, that his vision had been momentarily obstructed by lights of cars approaching in the opposite direction, the further question as to his conduct as to look-out previous thereto was also permissible cross-examination.

Several of the assignments as to the charge and the ruling on motion to set aside the verdict relate directly or indirectly to a claim now advanced by the appellant that the doctrine of the last clear chance was applicable to the case made upon the trial. The allegations of the complaint do not signify reliance upon supervening negligence, and the record affords no suggestion that it was invoked by the plaintiff in the course of the trial or that the evidence was such as to require the trial court, especially in the absence of request, to instruct the jury pertaining thereto. In this situation, even if the evidence appeared to be such as to have justified a verdict for the plaintiff upon the last clear chance doctrine, which is not manifest in the present case, we would not be warranted in setting aside the verdict "upon an issue present in the evidence but not made an issue in the case." *Russell* v. *Vergason*, 95 Conn. 431, 434, 111 Atl. 625.

Another major reliance is upon a claim that because of the construction work in the vicinity and the notice thereof given by signs and lanterns, reasonable care on the part of the defendant required that he have his car under control appropriate to the to-be-anticipated presence of workmen upon and about the roadway being traveled. The condition precedent to such a measure of duty is that construction operations be actually in progress at the time (as in the cases cited by the appellant, of which *Chaney* v. *Moore*, 101

W. Va. 621, 134 S. E. 204, 47 A. L. R. 800, is typical) or at least reasonably to be apprehended. The rule does not apply at a time, here eight-twenty p. m., when, on the contrary, it is not reasonably to be expected that workmen would be so engaged.

A reference in the charge to the effect of dark clothing upon the visibility of a pedestrian on the background of a dark road was substantially a quotation from the opinion in *Schmeiske* v. *Laubin,* 109 Conn. 206, 209, 145 Atl. 890, and was not erroneous. The coat worn by the plaintiff was in evidence and the question of the defendant's exercise of due care in view of this as well as the other conditions in evidence was fairly left to the jury. The other assignments concerning the charge require no discussion.

Error is assigned "in failing and refusing to permit the plaintiff to file his requests to charge." The appellant made no attempt to so correct the finding as to procure the insertion of claimed facts as to the refusal of the trial court to accept his written requests when offered, and the only finding available to us is that "the plaintiff filed no requests as to how the jury should be charged." Therefore, we are afforded no means of testing the question sought to be raised. If it were before us of record that the plaintiff, as by reason of an unexpectedly early termination of the evidence, was unprepared to submit requests to charge before the beginning of the argument as required by the rule (Practice Book, Insert, p. 275, § 1) and if we considered that under the circumstances leniency might perhaps be accorded to the extent of a brief delay in beginning argument or otherwise, if thereby the plaintiff would have been enabled to file his requests, we could not hold that the trial court committed a reviewable abuse of discretion in enforcing compliance with the rule, the purposes of which are

manifest. We do suggest, however, that if failure to file requests at the prescribed time be due to accident, or other cause not involving gross or wilful neglect or fault, the trial court may well exercise its discretion to receive them at a later time, if no prejudice to the adverse party, or disadvantage to the court or material delay in the progress of the trial would result. *Farrington* v. *Cheponis*, 84 Conn. 1, 9, 78 Atl. 652.

None of the further arguments advanced afford justification for interference by us in the decision of the trial court on the motion to set aside the verdict.

There is no error.

In this opinion the other judges concurred.