SIDNEY TOMLIN *v.* JOSEPH HUKOLO ET AL.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, JS.
Argued October 6th—decided November 1st, 1938.

*Robert J. Woodruff* and *Charles G. Albom,* for the appellants (defendants).

*George A. Saden,* with whom were *David Goldstein* and *Alvin W. Peck,* for the appellee (plaintiff).

PER CURIAM. The plaintiff was seriously injured by a cow and brought suit against the defendants as the owners thereof, claiming negligence. He had verdict and judgment against both defendants. The finding discloses that the defendants offered evidence and claimed to have proved, among other things, that both generally and on the day of the injury the sole ownership, control and possession of the cow was in the defendant Anna Hukolo. In spite of this claim, the court charged that there were only two possible verdicts, one for the plaintiff against both defendants

and one in favor of both defendants. This charge is assigned as error. The charge must be tested by the finding. *Porter* v. *Taylor,* 107 Conn. 68, 72, 139 Atl. 649. The finding, correction of which is not sought, shows that the question of joint responsibility for the injury was an important litigated issue in the case and should have been left to the jury as a question of fact. The failure to do this was error as far as Joseph Hukolo is concerned.

The charge proceeds, at least in part, on the theory that § 5053 of the General Statutes, with reference to damage by animals, applies. Until the Revision of 1930, this statute was in two sections, one to cover the situation when the fence was sufficient and the second when it was insufficient. It is with the second section alone, now the second sentence, that we are concerned. This refers in terms to the owner of the land as the only person qualified to recover thereunder. Since the plaintiff admittedly was not the owner of the land, he has no rights under the statute. *Hull* v. *Douglass,* 79 Conn. 266, 271, 64 Atl. 351. This section, therefore, does not apply. The charge was also erroneous in importing the issue of a "dangerous or vicious cow" into the case when it was not raised by the pleadings.

There is error and a new trial is ordered.