# Richmond

## VIRGINIA RAILWAY AND POWER COMPANY V. CHERRY.

### January 20, 1921.

1. STREET RAILWAYS.—*Passenger on Running Board—Allegation of Negligence.*—The declaration in an action by a passenger injured while riding on the running board of a street car, by striking against a truck standing near the track, alleged that with knowledge of the plaintiff's position, defendant negligently caused the street car to run rapidly by a loaded truck which was standing on the street in full view of the motorman.

    *Held:* That this allegation necessarily implied that the defendant's motorman could have stopped the car in time to have avoided the accident. Otherwise, there would be no charge of negligence at all, and there was no contention that the declaration was demurrable in this respect.

2. STREET RAILWAYS.— *Passenger on Running Board — Striking Against Truck in Street—Opportunity of Motorman to Stop Car.*—In an action by a passenger injured while riding on the running board of a street car by striking against a truck standing near the track, if the motorman could not have stopped the car after he saw, or had an opportunity to see, the truck, then of course there could be no recovery.

3. STREET RAILWAYS.—*Passenger Riding on Running Board of Street Car—Negligence and Contributory Negligence.*—In an action by a passenger injured while riding on the running board of a street car by striking against a truck standing near the track, the evidence was conflicting as to the negligence of the defendant and the contributory negligence of the plaintiff, but as to both the jury were instructed properly and exactly as requested by defendant. The jury found for the plaintiff.

    *Held:* That the verdict of the jury established in such a way that defendant could not complain: that defendant was guilty of actionable negligence in running too near the truck and in not stopping his car, and that the plaintiff was not guilty of contributory negligence by leaning too far from the running board.

4. STREET RAILWAYS.—*Contributory Negligence—Violation of Ordinance by Passenger—Proximate Cause—Last Clear Chance.—*

The negligence of a plaintiff who is injured while violating an ordinance, like his negligence in any other form, must proximately contribute to the injury, in order to constitute a bar to recovery, and it does not so contribute, in contemplation of law, if after the plaintiff's peril is, or ought to be, discovered, the defendant has a last clear chance to avoid the injury.

5. NEGLIGENCE.—*Proximate and Remote Cause—Discovered Danger.* —Upon the principle that one will be charged with notice of that which by ordinary care he might have known, it is held that if either party to an action involving the questions of negligence and contributory negligence should, by the exercise of ordinary care, have discovered the negligence of the other after its occurrence in time to foresee and avoid its consequences, then such party is held to have notice; and his negligence in not discovering the negligence of the other under such circumstances is held the sole proximate cause of a following injury.

6. CARRIERS OF PASSENGERS.—*Degree of Care Required Of.*—A carrier of passengers owes a passenger the highest degree of care.

7. APPEAL AND ERROR.—*Instructions—Disputed Facts Settled as Asked for by Appellant.*—Errors in instructions are not material and need not be discussed on appeal, where the questions of fact about which there could be any dispute were settled by the jury upon instructions exactly as asked for by the appellant.

Error to a judgment of the Circuit Court of the city of Norfolk in an action of trespass on the case. Judgment for plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*E. R. Williams, T. J. Moore* and *W. H. Venable,* for the plaintiff in error.

*E. R. F. Wells,* for the defendant in error.

PER CURIAM.

This action was brought by John B. Cherry against the Virginia Railway and Power Company to recover damages

for personal injuries sustained by him while a passenger on one of the company's street cars. There was a verdict and judgment in his favor, and the company brings. the case here for review.

The accident occurred on Granby street, in the city of Norfolk. The plaintiff was riding on the running board of an open rear trailer of a two-car train, which was passing an army truck standing near the track. His body came in contact with the truck and he was thereby knocked off the car and injured. The track was perfectly straight. There were other passengers on the running board, but only three of them including the plaintiff, were knocked off, and no part of the street car itself came in contact with the truck.

Section 11 of an ordinance of the city of Norfolk, as originally adopted, was as follows: "Passengers shall not stand or be permitted to stand on the running boards of open cars, or ride on the steps of any car." Section 30 of the same ordinance provided that upon application to the board of control and for sufficient cause shown, such modifications and exemptions might be made of any of the rules therein prescribed as the facts should warrant. Subsequently, but prior to the happening of the accident in this case, the board of control, in response to an application made by the defendant company, made the following reply and ruling: "We believe that the safety of the passengers would be jeopardized if the crew is under obligation to keep the running board and steps of the car clear, and that sufficient cause has been shown why section 11 should be modified temporarily by striking out so much as forbids the company to permit passengers to ride on the running board or steps; it is therefore directed accordingly."

It thus appears that the part of the ordinance which had forbidden the company to "permit passengers to stand on the running boards or steps had been stricken out, but that the inhibition against passengers standing on the run-

ning board of open cars or riding on the steps remained intact.

[1, 2]   The declaration charges that the defendant, "with full knowledge of the plaintiff's position on said running board, wrongfully, carelessly and negligently caused its said street car to run rapidly by a loaded automobile truck which was standing on said street in full view of the motorman operating said car, and was so dangerously close to said car that a part of it and its load overlapped the running board on which the plaintiff was standing, and as the car ran by, the said plaintiff, without fault or negligence on his part, was driven with great force and violence against that part of said automobile truck and its load, and as the proximate result of said negligence" he sustained the injuries complained of.   This allegation necessarily implies that the defendant's motorman could have stopped the car in time to avoid the accident.   This is the only reasonable construction of the allegation.   Otherwise, there would be no charge of negligence at all on the part of the defendant, and there is no contention that the declaration was demurrable in this respect.   If the motorman could not have stopped the car after he saw, or had an opportunity to see, the truck, then of course there could have been no recovery.

The plaintiff asked for no instructions, and went to the jury on the case as made by the declaration and proof.

The defenses relied upon were, (1) that the defendant was not guilty of any negligence, (2) that the plaintiff was guilty of contributory negligence in leaning out too far from the side of the car, and (3) that he was guilty of negligence *per se* in being on the running board at all and in any position, in violation of the city ordinance.

[3]   As to the first and second defenses, the evidence was conflicting, but as to them both the jury were instructed properly and exactly as requested by the defendant.   Upon

34

both these defenses the jury found for the plaintiff. This is necessarily true because if they had found against the plaintiff upon either of them, then their verdict would of course have been for the defendant. Therefore, the facts, (1) that the defendant was guilty of actionable negligence in running too near the truck and in not stopping his car, and (2) that the plaintiff was not guilty of contributory negligence by leaning too far from the running board, must be considered as established in such a way that the defendant cannot complain.

[4, 5]   As to the third and remaining defense, we need not decide whether it was negligence as a matter of law to ride on the running board in violation of the ordinance, because, if that proposition were conceded, it would not affect the result. The negligence of a plaintiff who is injured while violating an ordinance, like his negligence in any other form, must proximately contribute to the injury, in order to constitute a bar to recovery, and it does not so contribute, in contemplation of law, if after the plaintiff's peril is, or ought to be, discovered, the defendant has a last clear chance to avoid the injury.

The defendant's motorman shows in his testimony that he anticipated that there were passengers on the running board, and says he thought there was plenty of room for them to clear. After stating that he knew the car was crowded and that there were on the steps at the front end of the car where he was stationed a number of passengers, he testified further as follows:

"Q. So you had a clear view of the situation, did you?

"A. Yes, sir.

"Q. How far were you from this truck when you first saw it?

"A. I was a good distance. I was about fifty or seventy-five feet.

"Q. Fifty or seventy-five feet when you first saw it?

"A. Yes, sir.

"Q.   And you thought you could pass there all right?

"A.   Yes, sir, *I slowed up and saw these passengers on the step and knew that they would pass on the trailer if somebody was hanging out so I started on up.*"   (Italics supplied.)

The jury, however, upon all of the evidence, as we have seen, necessarily found that he negligently judged the situation, and ought not to have undertaken to pass the truck. That being true, he ought to have stopped the car, for it is clear from the evidence in the case that he saw, or ought to have seen, the truck in ample time to stop his car.   The rule applicable here is well stated in 7 Am. & Eng. Ency. L., p. 387, as follows: "And upon the principle that one will be charged with notice of that which by ordinary care he might have known, it is held that if either party to an action involving the questions of negligence and contributory negligence should, by the exercise of ordinary care, have discovered the negligence of the other after its occurence in time to foresee and avoid its consequences, then such party is held to have notice; and his negligence in not discovering the negligence of the other under such circumstances is held the sole proximate cause of a following injury."

[6]   It is conceded that the plaintiff was a passenger, and it follows that the defendant owed him the highest degree of care.   This of course would not exempt him from contributory negligence, but is quite material upon the question of defendant's primary negligence.

The case reduces itself to this: The jury might have found either way on the question of the defendant's negligence, and either way upon the question of whether the plaintiff was guilty of contributory negligence in leaning out too far from the running board.   These questions were submitted to the jury and found adversely to the defendant in such manner that it cannot complain thereof; and the

jury could not have properly found otherwise than for the plaintiff on the question as to whether the motorman, charged with knowledge that passengers were riding on the running board, could have stopped the car in time to have avoided the injury.   It is clear beyond question that he could have done so, and this being true, the trial court was right in sustaining the verdict of the jury.

[7]   All the assignments of error seriously relied upon, except that relating to the refusal of the court to set aside the verdict, and which we have just disposed of, relate to the instructions; but they are not material and need not be discussed, because, as already pointed out, the questions of fact about which there could be any dispute were settled by the jury upon instructions exactly as asked for by the defendant.

The judgment complained of must be affirmed.

*Affirmed.*