# Wytheville.

## John E. McNamara v. Rainey Luggage Corporation and Raymond L. Andrews.

June 12, 1924.

Absent, Burks, J.

1. Evidence—*Conflicts in Evidence—Causes of Conflicts.*—Conflicts in the testimony of witnesses do not necessarily arise because each witness is trying "to favorably color" his own version of the occurrence. It is common experience that no two persons see the same occurrence exactly alike. Especially is this true when the occurrence witnessed is composed of rapidly succeeding events and is viewed under the stress of great excitement or extreme fear; and more especially is it true when the witness is one of the actors or participants in the episode, who, to avoid the impending crisis, is called upon to apply the doctrine of "the law of self preservation," a doctrine far more important to him at the moment than the questions of distance, speed, contributory negligence, and the last clear chance.

2. Appeal and Error—*Evidence—Conflicts in Evidence—Question for Jury.*—Ordinarily where the testimony is conflicting it is the peculiar province of the jury to solve the question of conflict and where a number of witnesses testify directly opposite to each other the jury is not bound to regard the weight of evidence as equally balanced. The jury have the right to consider the appearance of the witnesses on the stand, their manner of testifying, and their apparent candor and fairness, their apparent intelligence or lack of intelligence, their interest, if any, in the result of the case, their temper, feeling, or bias, if any has been shown, their demeanor while testifying; and to give such credit to the testimony of such witnesses as under all the circumstances such witnesses seem to be entitled to.

3. Negligence—*Burden of Proof—Automobile Accident—Case at Bar.*—In the instant case, an action for damages arising from a collision between automobiles, it was not necessary for the jury to decide the pivotal question as whether plaintiff or defendant was the sole proximate cause of the accident, when the testimony was conflicting, on the mere credibility of the witnesses. The burden of proof was upon the plaintiff to prove his case by a preponderance of the evidence which he failed to do.

4. Negligence—*Automobile Collision—Evidence—Experiment in Evidence—Measurements.*—In the instant case, an action arising out of the collision between plaintiff's and defendant's cars at a street intersection, plaintiff contended that the seeming conflict in the testimony might be obviated by applying a rule of mathematical calculation based upon measurements, which in his view demonstrated the negligence of defendant's servant. Counsel for plaintiff assumed that the accident occurred at a given point and that the machines were moving at a given rate of speed; the starting point is not fixed at the time of the accident but afterwards, while the rate of speed is arrived at by estimation. At best, the calculation and argument are based upon a contention and not upon a certainty.

*Held:* That in the result obtained by method of this calculation the court was unwilling to concur.

5. Evidence—*Weight of Evidence—Impossibilities—Case at Bar.*—In the instant case no physical laws or facts prevented the acceptance of the view taken by the jury of the case, and the Supreme Court of Appeals could not therefore apply the rule of evidence applicable to a case where the court must either accept the impossible as true or disregard the evidence.

6. Negligence—*Last Clear Chance—Defendant Entitled to Benefit of Doctrine.*—There is no reason why the defendant should not have the benefit of the "last clear chance" doctrine as well as the plaintiff.

7. Negligence—*Last Clear Chance—Defendant Entitled to Benefit of Doctrine—Case at Bar.*—In the instant case, an action for damages arising from a collision between the cars of plaintiff and defendant, the trial court instructed the jury that even though the driver of defendant's car was running at an excessive rate of speed and was negligent in not keeping a proper outlook, this did not excuse the plaintiff for putting himself in the way of an oncoming dangerous instrumentality, which by the exercise of ordinary care he should have discovered in time to have avoided the collision.

*Held:* No error.

8. Negligence—*Automobile Collision—Last Clear Chance—Conflicting Instructions—Case at Bar.*—In the instant case, an action arising out of a collision between the cars of plaintiff and defendant at a street intersection, while it would have been better if an instruction given for defendant to the effect that a defendant is entitled to the benefit of the last clear chance doctrine had referred to the other instructions and the jury been told that all the instructions should be read together, yet there was no conflict in the instructions where they only presented the two theories from the standpoint of the plaintiff and defendant, respectively, and correctly stated the law as applied to the case.

9. Instructions—*Correctness Dependent Upon Facts of the Case.*—The sufficiency and correctness of an instruction depends largely upon the facts and nature of the case in which it is given.
10. Hearsay Evidence—*Inadmissibility.*—Hearsay evidence forming no part of the *res gestae* is inadmissible.
11. Appeal and Error—*Reversal—Section 6331 of the Code of 1919—Substantial Justice.*—Under section 6331 of the Code of 1919, where substantial justice has been attained, the judgment should be affirmed and in causes triable and tried by juries substantial justice in a legal sense has been attained when litigants have had one fair trial on the merits.

Error to a judgment of the Hustings Court of the city of Petersburg, in a proceeding by motion for a judgment for damages. Judgment for defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*Mann & Townsend,* for the plaintiff in error.

*J. Gordon Bohannan,* for the defendants in error.

Campbell, J., delivered the opinion of the court.

This is a proceeding by notice of motion, by the plaintiff in error, who was plaintiff in the court below, against the defendants in error, to recover damages in the sum of $850.00, for the alleged injury to the plaintiff in error's automobile.

Upon the trial of the case by a jury, a verdict was rendered in favor of defendants in error.

For convenience, the parties litigant will be referred to as plaintiff and defendants, according to the position they occupied in the court below.

The plaintiff, an experienced automobile driver, hav-

ing driven cars for ten or twelve years, was, on the day of the accident, travelling west on Shepherd street, in the city of Petersburg, and had reached the intersection of Dunlop and Shepherd streets, when there was a collision between the car of plaintiff and the car of defendant, Rainey Luggage Corporation, which was being driven by its employee and agent, Raymond L. Andrews, who was running in a southwardly direction along Dunlop street.

The condition of the weather, as stated by one of the witnesses, "was a cloudy and rainy day." The plaintiff states that at the time of the accident he was running at a rate of speed of about fifteen miles per hour; Andrews states that he did not have a speedometer, but was satisfied he was not travelling over twenty miles per hour.

Under the ordinances of the city of Petersburg, it is provided, "when two or more vehicles approach the intersection of the public road or street at approximately the same time, the vehicle approaching such intersection from the right shall have the right of way over the vehicle approaching from the left."

It is further provided, "that vehicles shall keep as near the right hand curb as possible, and at intersections shall not exceed a rate of speed of twenty miles per hour."

It is conceded by counsel for the plaintiff and defendants that the ordinances regulating traffic in the city of Petersburg are reasonable and valid.

The following instructions were given by the court, the first five of which were given at the request of the plaintiff, and the remaining instructions, 6, 7 and 8, were given at the request of the defendants:

"1. The court instructs the jury that they must find

a verdict in favor of the plaintiff against Raymond L. Andrews if they believe from the evidence:

"1st: That the accident was proximately caused by the failure of said Andrews to use ordinary care, that is to say, such care as an ordinarily careful man would have used under the same or similar circumstances, on the occasion in question, or by his running at a rate of speed in excess of that fixed by the city ordinance, if the jury believe from the evidence that he did so, without the want of ordinary care on the part of the plaintiff that helped to bring about the accident; or

"2nd: That, even though the plaintiff may have failed to use ordinary care, or may have entered upon the intersection of the street when said Andrews had the right of way, yet the said Andrews, after he saw the plaintiff's automobile on said intersection and in danger of being run into, or in the exercise of ordinary care could have seen the same thereon and in such danger, in time to have averted the accident by the use of ordinary care.

2. "The court instructs the jury that if they believe from the evidence that the plaintiff was proceeding westwardly toward Shepherd street, about the middle of the roadway, and that a short distance before coming to the intersection of said street and Dunlop street he blew his horn and looked diagonally to the right from a point at which he could see a considerable distance up Dunlop street and could see no car approaching, and that he then entered upon the intersection of the two streets and proceeded across, then it is for the jury to say from said evidence, taken in connection with all the other evidence in the case, whether such action on the part of said plaintiff showed a want of ordinary care, that is to say, such care as an ordinarily careful man

would have taken under the same or similar circumstances.

3. "The court instructs the jury that under the city ordinance, when two vehicles approach the intersection of two streets at approximately the same time, the vehicle approaching such intersection from the right has the right of way over the vehicle approaching from the left.

"If, therefore, you believe from the evidence that the plaintiff was proceeding west on Shepherd street, and that the defendant, Andrews, was proceeding south along Dunlop street, and that they reached the intersection of said streets at approximately the same time, then said Andrews had the right of way over the plaintiff under the city ordinance. But if the jury believe from the evidence that when the plaintiff reached said intersection, Andrews was so far therefrom that in the opinion of the jury said plaintiff and Andrews could not be said to have reached said intersection at approximately the same time, then the plaintiff had the right of way.

"But even though the jury may believe from the evidence as applied to the city ordinance that Andrews had the right of way and that the plaintiff entered upon the intersection without having the right of way, still this would not relieve Andrews from the duty of using ordinary care to see and avoid running into the plaintiff's machine, and if they believe from the evidence that Andrews saw, or by the exercise of ordinary care could have seen, that the plaintiff was passing over the intersection of the streets and would likely be struck if he, Andrews, did not stop his machine or slacken its speed or change its course, and that after he saw this, or in the exercise of ordinary care could have seen it, he could by the exercise of ordinary care have averted the accident

and did not do so, then he was guilty of such negligence as entitled the plaintiff to a verdict against him.

4. "The court instructs the jury that if an employee is in control of the master's property and about the master's business at the time of an accident, the master is not relieved from responsibility because such employee may have acted improperly in the management of said property, or because he may have failed to perform his duty in the strictest and most convenient manner, as, for instance, when such employee, on the master's business, deviates from the most direct road, to accomplish some purpose of his own. In such case he is still discharging the master's business, though coupled with his own affairs. The joinder of the servant's and the master's business will not relieve the master from responsibility, if the deviation is not too extensive.

"If, therefore, the jury believe from the evidence that the defendant, Andrews, was driving the car of the Rainey Luggage Corporation, and was going to Richmond on said company's business, then the jury should find a verdict in favor of the plaintiff against said corporation, in the event they shall come to the conclusion, under the instructions and evidence before them, that said Andrews was responsible for the accident, and this is true even though they may believe from the evidence that said Andrews deviated from the most direct course to Richmond, unless they are of the opinion from the evidence that such deviation was so extensive as to show that he was not at the time in the discharge of the company's business as well as about his own affair.

5. "The court instructs the jury that in the event they should be of the opinion to find a verdict in favor of the plaintiff they should allow him such sum as the evidence shows will fairly compensate him for the loss sustained by him by reason of the damage done him.

6. "The court instructs the jury that the burden is on the plaintiff to prove that the defendant, Andrews, was negligent in one or more of the particulars named, and that such negligence was the proximate cause of the damage to the plaintiff's car, and that this must be proved by a preponderance of the evidence, that is, the evidence of the plaintiff must outweigh the evidence of the defendant. However, if you believe that the plaintiff was negligent and that his negligence was the proximate cause of the injury, you cannot find a verdict in his favor, but you must find a verdict for the defendant. If you believe that both parties were negligent and that the damage resulted from their combined negligence and that such negligence continued to the very moment of the collision, then you cannot weigh the negligence of the one against that of the other, for the negligence of the plaintiff bars a recovery under such circumstances, and you must find for the defendant.

7. "The court instructs the jury that if the plaintiff relies upon the allegation that the defendant had the last clear chance to avert the accident and failed to do so, the burden is upon him to prove by a preponderance of the evidence that after the peril became imminent, there was a clear opportunity afforded Andrews to prevent the accident. The rule presupposes that an appreciable interval of time intervenes between the prior negligence of the plaintiff and the subsequent negligence of the defendant, and it does not apply where the negligence of both continues down to the very moment of the accident and contributes to the injury. Under such circumstances, there can be no recovery.

8. "The court instructs the jury that if you believe from the evidence that Andrews was negligent and that the plaintiff by the exercise of ordinary care should have discovered such negligence in time to have avoided the

consequences thereof, but that he failed to do so, then such failure was itself negligence and the plaintiff cannot recover."

The assignments of error are three in number:

(1) "Because the verdict of the jury being contrary to the evidence, or without evidence to support it, the court erred in overruling petitioner's motion to set the same aside and enter final judgment in his favor, and in rendering judgment thereon.

(2) "Because the court erred in giving certain instructions to the jury at the request of the defendants, especially in giving instruction No. 8 asked for by said defendants.

(3) "Because the court refused to admit. certain proper evidence offered by the plaintiff."

The assignments of error will be disposed of in the order above given.

(1) There were four eyewitnesses to the accident, the plaintiff, the defendant Andrews, Ed. Johnson, a negro, who was in the car with Andrews, and a negro who was standing on the street corner, but who did not testify for the reason given by the plaintiff that he could not be found.

Therefore, upon the testimony of plaintiff, Andrews and Johnson, depends the correctness of the decision of the trial court upon plaintiff's assignment of error number one.

To detail the evidence of these three witnesses would not, in our opinion, produce any beneficial result.

[1] Except for the statements of McNamara, Andrews and Johnson, wherein they all agree they did not see each other until the moment of impact of the machines, the evidence upon the main question of whose negligence caused the accident, is either clouded to the point of obscurity or is in irreconcilable conflict.   This

conflict does not necessarily arise because each witness is trying "to favorably color" his own version of the occurrence. It is common experience that no two persons see the same occurrence exactly alike. Especially is this true when the occurrence witnessed is composed of rapidly succeeding events and is viewed under the stress of great excitement or extreme fear; and more especially is it true when the witness is one of the actors or participants in the episode, who, to avoid the impending crisis, is called upon to apply the doctrine of "the law of self preservation," a doctrine far more important to him at the moment than the questions of distance, speed, contributory negligence and the last clear chance. .

[2] The instant case is one of those ordinary cases, wherein the testimony is conflicting. This being true, it was the peculiar province of the jury to solve the question of conflict. This duty the jury has performed.

Upon the pivotal question, viz., whether McNamara or Andrews was the sole proximate cause of the accident, the case has been measured by a most familiar and common rule, *i. e.,* "that the credibility of witnesses is a question exclusively for the jury, and the law is, that where a number of witnesses testify directly opposite to each other, the jury is not bound to regard the weight of the evidence as equally balanced; the jury have the right to determine from the appearance of the witnesses on the stand, their manner of testifying and their apparent candor and fairness, their apparent intelligence or lack of intelligence, their interest, if any, in the result of the case, their temper, feeling or bias, if any has been shown, their demeanor while testifying, and to give credit to the testimony of such witnesses as under all the circumstances such witnesses seem to be entitled to." *Horton's Case,* 99 Va. 855, 38 S. E. 185.

[3] In this case, however, it was not necessary for the jury to decide the same on the mere credibility of witnesses.   The burden was upon the plaintiff to prove his case by a preponderance of the evidence.   This, in our view, he has failed to do, and in all probability this is the view adopted by the jury.

[4] In the petition of the plaintiff and in the oral argument before this court, counsel earnestly contend, that the *seeming* conflict in the testimony may be obviated by applying a rule of mathematical calculation (set out in the petition) based upon measurements, which in his view demonstrates the negligence of Andrews.

As to the making of the measurements, plaintiff testifies on page 39 of the record, as follows:

"Q. Now, just explain to the jury how you went about making those measurements?

"A. Well, Mr. Mann and I got Mr. Wells and we drove this car up Shepherd street until we got *in* the middle of the street, or *near* the middle of the street, and until we got to *a point* where I *thought* was the right position that I was in in the case of this accident.  *  *  *"
(Italics supplied.)

On cross-examination plaintiff stated some of the measurements were made from where fragments of glass lay in the street.

From this testimony counsel assumes that the accident occurred at a given point and that the machines were moving at a given rate of speed; the starting point is not fixed at the time of the accident but afterwards, while the rate of speed is arrived at by estimation.   At best the calculation and argument are based upon a contention and not upon a certainty.   Therefore, in the result obtained we are unwilling to concur.

[5] No physical laws or facts prevent the acceptance

of the view taken by the jury of the case, and we cannot therefore apply the rule of evidence applicable to a case where the court must either accept the impossible as true or disregard the evidence. *Lynchburg Tr. & L. Co.* v. *Gordon,* 123 Va. 200, 96 S. E. 195.

Coming now to the disposition of the second assignment of error:

[6] It is insisted that the jury were driven to the conclusion reached by the giving of instruction No. 8 for the defendant over the protest of the plaintiff. This is the only instruction seriously objected to by the plaintiff, and three grounds of criticism are urged:

1. Because there is no evidence to support it;

2. Because the "last clear chance" doctrine is for the benefit of the plaintiff alone, and cannot be invoked by the defendant, and besides, this instruction is in irreconcilable conflict with the "last clear chance" instructions given for the plaintiff; and

3. Because it is too general in its terms.

[7] That the instruction embodies the doctrine of the last clear chance for the benefit of a defendant is unquestionably true. But for that reason is it to be regarded as an anomaly? We do not think so. This instruction tells the jury "that if you believe from the evidence that Andrews was negligent," etc. It goes without saying that if the jury did not believe from the evidence that Andrews was negligent, that was the end of the case. If, however, they did so believe, then the instruction goes on to say that if the plaintiff, by the exercise of ordinary care, should have discovered such negligence in time to have avoided the consequences thereof and failed to do so he cannot recover.

As applied to this case, the court merely told the jury that even though Andrews was running at an excessive rate of speed and was negligent in not keeping a proper

lookout, this did not excuse the plaintiff for putting himself in the way of an oncoming dangerous instrumentality, which by the exercise of ordinary care he should have discovered and could have easily avoided.

We do not see anything either dangerous or revolutionary in the doctrine as thus applied. On the contrary, not to apply it in a proper case would work a hardship.

For instance, an accident occurs, both parties are injured, the one who is the sole proximate cause thereof, is the first to file his action and secure a trial. Thus we see, unless the doctrine applied to the defendant in a proper case, the plaintiff by reason of his diligence, would occupy a position of vantage that he would not be entitled to occupy if he depended on his mere right to recover. In other words, however responsible he may be for the accident, he could invoke the benefit of a different rule of law from that which would ordinarily prevail, by reason of his own diligence and the tardiness of his adversary in bringing his action.

While the case of *Va. Ry. & P. Co.* v. *Cherry*, 129 Va. 262, 105 S. E. 657, does not involve the question here presented, yet the opinion in that case is illuminating in that the court makes the following observations on page 267: "The rule applicable here is well stated in 7 Am. & Eng. Ency. L., page 387, as follows: 'And upon the principle that one will be charged with notice of that which by ordinary care he might have known, it is held that if *either party* to an action involving the questions of negligence and contributory negligence should, by the exercise of ordinary care, have discovered the negligence of the other after its occurrence in time to foresee and avoid its consequences, then such party is held to have notice; and his negligence in not discovering the negligence of the other under such cir-

cumstances is held the sole proximate cause of a following injury.' "

In Street's Foundations of Legal Liability, volume 1, page 136, in referring to a classification of actions for negligence, it is said: "It is seen that wherever the court or jury can see that the harm complained of was proximately caused by the negligence of one of the parties, while the negligence of the other was only remotely connected with that harm, the person whose negligence is the proximate cause must be held responsible. If that person is the defendant then the plaintiff may recover, if that person is the plaintiff, himself, then the action must fall.

"This principle is neatly and accurately summed up in the doctrine of 'the last clear chance,' which is to the effect that whenever the respective acts of negligence on the part of the plaintiff and defendant are not actually concurrent, but one succeeds the other by an appreciable interval, the person who has the last clear chance to avoid the impending harm and negligently fails to do so is chargeable with the whole."

[8] As to the third criticism; it would have been better if the instruction had referred to the other instructions and the jury told that all the instructions should be read together and so considered by the jury. However, we do not think there is a conflict in the instructions; they only present the two theories from the standpoint of the plaintiff and defendant, respectively, and in our view correctly state the law as applied to this case.

[9] As was said by Kelly, P., in the case of *Virginia Railway & Power Co.* v. *Smith & Hicks*, 129 Va. 269, 105 S. E. 532, "the sufficiency and correctness of an instruction depends largely upon the facts and nature of the case in which it is given." While we can conceive

of a case when the instruction complained of should not be given, we are of the opinion it was not error to give it in the instant case.

[10] We are also of the opinion that the third assignment of error is without merit, as the evidence sought to be introduced was hearsay, and not a part of the *res gestae.*

[11] In *Va. Ry. & P. Co.* v. *Smith & Hicks, supra,* this is said: "The revisors, in section 6331 of the Code of 1919, in keeping with the modern trend of legislative and judicial policy, added a new clause to the old section (Code 1887, section 3449); and the statute now provides that 'no judgment or decree shall be reversed * * * for any error committed on the trial where it plainly appears from the evidence given at the trial that the parties have had a fair trial on the merits, and substantial justice has been done.' It is our purpose to vitalize this provision in its application and administration. Of course, there will always be room for doubt as to whether the right result has been reached when the evidence has been in serious conflict; but in causes triable and tried by juries 'substantial justice' in a legal sense has been attained when litigants have had one fair trial on the merits."

Upon the whole case, we are of opinion that "substantial justice" has been attained, and the judgment should be affirmed.

*Affirmed.*