LEUCIO DISTEFANO *vs.* UNIVERSAL TRUCKING COMPANY ET ALS.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued January 6th—decided February 14th, 1933.

*John F. McDonough*, with whom, on the brief, was *Martin E. Gormley*, for the appellants (defendants).

*Michael J. Galullo*, with whom, on the brief, was *Theodore V. Meyer*, for the appellee (plaintiff).

BANKS, J. Defendants appeal from the denial of their motion to set aside the verdict, and for alleged errors in the charge of the court. The jury could reasonably have found the following facts: The plaintiff was employed as a laborer in the construction of a new highway running substantially in an easterly and westerly direction between Waterbury and Woodbury. The north lane of concrete was completed and open to traffic. The south lane was under construction, ready to receive the finishing layer of concrete. A paving machine was located in the subgrade of the south strip facing west, and received materials for mixing the concrete from trucks which came east on the concrete, passed the paver, and backed into the subgrade, and continued to back until they reached the paver into which they discharged their loads. All work stopped during the noon hour. About twelve-thirty the engine of the paver which operated the machinery for mixing the concrete started up. It made considerable noise. The plaintiff started to work on the forms east of the paver, shoveling gravel from one side to the other rapidly, with his back to the east, the direction from which trucks would come to

feed the paver. There was some traffic upon the finished portion of the concrete. A number of trucks owned by the defendant Mossop were parked during the noon hour in the subgrade some distance east of the paver and of the spot where the plaintiff was working. Upon the resumption of work, the defendant Unsderfer started the engine of one of these and began to back the truck, without signaling, toward the paver. He did not see the plaintiff and the latter did not see or hear the truck until he was knocked down and injured.

Upon the evidence before them, the jury could reasonably find that the driver of the truck was not in the exercise of due care in backing his truck over the subgrade where the plaintiff was working without giving any signal of his approach, and without keeping a proper lookout, which would have disclosed the presence of the plaintiff in the path of the truck. Nor can it be said that the plaintiff was guilty of contributory negligence, as a matter of law. The noise of the paving machine and of the passing traffic may well have drowned out the noise of the approaching truck. The truck was not one of those which backed into the subgrade after passing by the paver on the finished portion of the concrete, in which case plaintiff would have had some warning of its approach. It had been parked in the subgrade during the noon hour. The plaintiff had no warning of its approach. He could reasonably assume that it would not back down upon him without warning. Whether his failure to see or hear it was, under the circumstances, a failure to exercise due care, was a question of fact for the jury. The court did not err in denying the defendants' motion to set the verdict aside.

The defendants offered evidence to prove that there was a traffic officer in charge of the traffic at the place

of the accident, and that he blew his whistle as a signal to the driver of the truck to back it to the place where the plaintiff was injured. The court charged that, if the jury found such a signal was given, it was not, under the circumstances, an absolute permission for the driver to proceed in accordance with the signal, but was an important circumstance for them to consider in determining whether under all the other circumstances he exercised due care. A signal to "go" given by an officer in charge of traffic authorizes a driver to proceed in accordance with the signal. It does not authorize him to proceed in a negligent manner, or to proceed at all if to do so would necessarily expose others to harm. Such a signal is not permission to proceed in violation of a rule of the road, *Hensen* v. *Connecticut Co.*, 98 Conn. 71, 118 Atl. 464, or of the common-law rule requiring the exercise of due care. *Hayes* v. *New York, N. H. & H. R. Co.*, 91 Conn. 301, 305, 99 Atl. 694; *Roberts* v. *Hennessey*, 191 Iowa, 86, 181 N. W. 798. It is apparent from the context, and from a reference in another part of the charge to the significance of this evidence of the giving of a signal, that the statement of the court that it did not constitute "absolute permission" to proceed could only be understood to mean that the signal was not permission to proceed regardless of consequences, or in a negligent manner, but merely authorized the driver to back up his truck in the exercise of due care.

The court read to the jury the statute (General Statutes, § 1644) requiring the driver of a vehicle, before slackening his speed, stopping or backing, to indicate by signal his intention so to do, and charged that a failure to comply with the statute was negligence. The defendants claim that this statute was not applicable in this case, first, because of the direction by the traffic officer, and second, because the truck

was not being operated upon the traveled portion of the highway. The first of these grounds is disposed of by what we have already said as to the effect of a signal given by a traffic officer. As to the second ground, the statute does not limit its application to vehicles which are being operated upon the traveled portion of the highway. Moreover, while the sub-grade was not open to public traffic, it was a part of the highway upon which the truck was traveling, and the statute was applicable to its operation upon that portion of the highway.

The defendants complain of the failure of the court to charge in certain respects. No requests to charge were made, and the charge as given was correct in law, adapted to the issues and sufficient for the guidance of the jury. The failure to give specific instructions upon special features of the case, as to which the court was not requested to charge, was not reversible error. *Schmeiske* v. *Laubin,* 109 Conn. 206, 211, 145 Atl. 890.

There is no error.

In this opinion the other judges concurred.