MARY B. BULLARD *vs.* ARTHUR E. DE CORDOVA.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 4th—decided December 4th, 1934.

*William B. Hennessy,* for the appellant (defendant).

*George E. Beers,* with whom, on the brief, was *William L. Beers,* for the appellee (plaintiff).

MALTBIE, C. J.   The plaintiff brought this action to recover damages for injuries to her automobile, claimed to have been due to the negligent operation of the defendant's car.   The latter filed a counterclaim for damages to his car, claimed to have been caused by the negligence of the plaintiff in the same accident.   The case was tried to the jury on the issues raised by the complaint and counterclaim and a verdict rendered for the plaintiff, from which the defendant has appealed, assigning errors in the charge.   The accident

occurred at about six-forty-five in the evening of October 21st, 1933, at the intersection of State Street and Boston Post Road in the town of Guilford. The Post Road at that point runs east and west and is intersected approximately at right angles by State Street which runs north and south. At the intersection, the traffic is controlled by automatic overhead traffic lights suspended above and at about the middle point. These are so arranged and regulated that when the light shows green on State Street, it must necessarily show red on the Post Road; and when it shows red on State Street, it must necessarily show green on the Post Road where, during the last five seconds of green, a yellow light should show in connection with the green light. The traffic lights, when in order, operated as follows: Facing both directions on the Post Road, the green operated for fifty seconds, followed by green and yellow for five seconds, and by red alone for twenty seconds; then directly back to green. On State Street, the converse of this applied.

The plaintiff offered evidence to prove and claimed to have proved that while driving her car in a southerly direction on State Street, it was struck on the left side by the defendant's car coming in a westerly direction and from her left on the Post Road. The plaintiff claimed that as she approached the Post Road, and while at a considerable distance therefrom, she observed that the light was red for her and slowed down gradually shifting from third to second speed and continuing at a low rate of speed. When she was at a point about sixty feet north of the intersection, the light changed from red to green, and looking and seeing no traffic approaching, she thereupon continued her course southerly and started to cross the Post Road. As she was crossing the further or southerly side, her car was suddenly struck with great force by

that of the defendant driven at a high speed. The defendant claimed that just prior to the accident, his chauffeur was proceeding westerly on the Post Road toward the intersection upon his own right-hand side at about forty miles an hour. He first saw the light at a distance of more than one-half a mile and as he approached the intersection, the light turned green and remained so until the collision occurred. A short distance before he had reached the intersection, he observed the plaintiff's car crossing the northerly line of the concrete highway of the Post Road, whereupon he immediately applied his brakes and turned to his left, while the plaintiff continued to cross the road directly into his path. The collision occurred on the southerly half of the Post Road. The defendant further claimed that the plaintiff's car was moving slowly at the time its front wheels crossed the northerly concrete line of the Post Road, and the light facing defendant's chauffeur at that time was green alone. The chauffeur applied his brakes and turned his car to the left, while the plaintiff put on power and crossed with accelerated momentum to the point of collision on the chauffeur's left-hand side of the road.

The defendant claims error in the failure of the trial court to grant a request to charge which he submitted as to the right of the plaintiff to recover upon the last clear chance doctrine. The plaintiff, so far as the record discloses, made no claim at the trial that he was entitled to recover upon this ground, and under these circumstances the trial court was right in not giving the request to charge. There may be situations in which, in determining whether a plaintiff was guilty of contributory negligence, the defendant may be entitled to claim that such negligence arose out of the failure of the plaintiff to avoid an accident after the defendant had, by his own negligence, come into a posi-

tion of peril, under conditions like those involved in the doctrine. *McNamara* v. *Rainey Luggage Corporation*, 139 Va. 197, 123 S. E. 515. But no purpose would be served in charging the jury as to the right of a plaintiff to recover upon the basis of the doctrine where he has not claimed any such right. The defendant also requested an instruction as to his right to recover under his counterclaim upon the basis of the doctrine. Upon his claims of proof he could not have been held to have been guilty of any negligence; the doctrine presupposes negligence on the part of the party seeking a recovery; *Correnti* v. *Catino*, 115 Conn. 213, 215, 160 Atl. 892; *Strong* v. *Carrier*, 116 Conn. 262, 265, 164 Atl. 501; his claims of proof, therefore, furnished no occasion to instruct the jury as to it. Had he intended to rely upon it as an alternative basis of recovery, his claims of proof should have been so formulated as to present the necessary conditions for its application.

After the jury had retired, they returned to the court and the judge gave them additional instructions with reference to the three forms of verdict submitted. With reference to the first form, which was for the plaintiff on the complaint and counterclaim, the jury were instructed that it should be used in case they found the plaintiff to be in the exercise of due care and the defendant negligent; that the second form, which was for the defendant on the complaint and counterclaim, should be used if the jury found the defendant in the exercise of due care and the plaintiff negligent; and that the third form, which was for the plaintiff on the counterclaim and the defendant on the complaint, should be used if the jury reached the conclusion that neither party was entitled to a verdict—if both were negligent. The appellant assigns error in the action of the court in not charging that this third form of verdict should be used by the jury in case they

found that neither party was negligent. In reference to this assignment, it is to be noted that each of the parties claimed the other to have been at fault in this accident, and neither party claimed that the other party was not negligent. No request was made to the trial court to charge in relation to such a claim and the jury were fully instructed that in order for either party to recover, the negligence of the other must be proven as an essential part of the case. Under these circumstances, the appellant was not harmed by the failure of the court to instruct the jury directly and in terms that if they found neither party negligent, the third form of verdict was to be employed. The charge as given was correct in law, adapted to the issues and sufficient for the guidance of the jury. The failure to give specific instructions upon a special feature of the case as to which the court was not requested to charge was not reversible error. *Distefano* v. *Universal Trucking Co.,* 116 Conn. 249, 253, 164 Atl. 492; *Schmeiske* v. *Laubin,* 109 Conn. 206, 211, 145 Atl. 890.

The defendant claimed to have shown that the yellow traffic light which should have accompanied the green facing east was out of order so that during the five seconds when the lights in that sector would ordinarily show green and yellow, the light showed green alone; and claims that the court should have instructed the jury that under those circumstances the section of the uniform traffic control laws [General Statutes, § 394(2)] requiring that when a yellow or "caution" light is shown following the green or "Go," traffic facing the signal shall stop before entering the intersection unless so close thereto that a stop cannot be made in safety, had no application. In view, however, of the defendant's claim of proof that before he reached the intersection the light showed green and continued green until after he had entered the intersection, it is

obvious that that part of the statute had no application to the case and the court was not required to charge upon an issue having no relevancy to the claims of proof of the parties.

The defendant also assigns error in the charge as to damages. Upon this subject, the plaintiff offered evidence and claimed to have proved that before the accident her car was in good condition and had been well taken care of, and its fair market value was $750, while after the accident, it was sold for $60, which was its fair market value at that time. The defendant claimed that the plaintiff's car could have been repaired and restored to the same condition as prior to the accident at a cost of $400. Upon this state of the claims of the parties, the court instructed the jury that the measure of damages was the difference in value between the fair market value of the automobile before the collision and its fair market value after the collision, with interest at the rate of six per cent from the date thereof. The defendant claims error in this instruction and claims that the measure of damages was the cost of repair. This claim is without merit in such a situation as existed in this case under the claims of the parties. "Our rule is that when the injury is less than a complete loss, as was the present case, the measure of damages is the difference in value between the property before and after the loss, with interest from the date of loss." *Hawkins* v. *Garford Trucking Co., Inc.,* 96 Conn. 337, 341, 114 Atl. 94; *Wofsey* v. *New York & Stamford Ry. Co.,* 106 Conn. 254, 259, 138 Atl. 136; *Doolittle* v. *Otis Elevator Co.,* 98 Conn. 248, 250, 118 Atl. 818. Evidence of the cost of repairs of the automobile was admissible as proof of the difference between the value of the automobile before the accident and after it. *Kiely* v. *Ragali,* 93 Conn. 454, 459, 106 Atl. 502.

The trial court gave to the jury the proper rule for determining the plaintiff's damages, but it then proceeded, in order to illustrate its application, to take $900 as a supposititious value of the car before the accident and to state that, in order to determine the plaintiff's damages upon that basis, it would be necessary to deduct from that sum the fair market value of the car after the accident. It then said: "In this case, the testimony is that it was $60, and that would leave a balance of $840 which would represent the loss, and to that $840 should be added interest at the rate of six per cent from the date of the accident." It then instructed the jury to disregard the figure of $900 but to determine from the evidence the value of the car before the accident. Under these instructions the jury might well have assumed that the amount of damages was to be determined by deducting $60 from the sum they found to be the value of the car before the accident, in disregard of evidence offered by the defendant that the purchaser had made repairs which put it in as good condition after the accident as it was before, at a cost of $400. The jury could properly arrive at their verdict only by considering this evidence as well as that offered by the plaintiff as to the price for which the car was sold. The charge was erroneous in its statement of the method which the jury should use in determining the plaintiff's damages.

There is error in the charge as to the amount of damages to which the plaintiff was entitled, and the case is remanded for the retrial of that issue only.

In this opinion the other judges concurred.