MARY DOLAN *v.* GROWERS OUTLET, INC.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued May 6—decided June 10, 1942.

*Charles H. Blackall,* for the appellant (defendant).

*Morton E. Cole,* with whom, on the brief, were *Cyril Cole* and *A. W. Firestone,* for the appellee (plaintiff).

Per Curiam. The plaintiff was injured by one of a pair of swinging doors in the entrance to the defendant's store. The jury could reasonably have found that the door, released by a customer who preceded the plaintiff, flew back with sufficient force to break the guard of the plaintiff's hand which she put up to protect herself; and that it struck her in the mouth. They could also have found that the doors were not reasonably safe for the use of the plaintiff and other invitees because they were without sufficient restraining mechanism to bring them to a stop or at least to reasonably retard the momentum of the back swing when they were released from a fully open position. The damages were not so excessive as to require interference by this court. The case was actively contested and the evidence highly contradictory but, giving due weight to the action of the trial court in refusing to set aside the verdict, we cannot say that it erred in that regard. While there have been no "swinging door" cases in this court, there have been a considerable number elsewhere. Notes, 33 A. L. R. 225, 58 A. L. R. 144, 100 A. L. R. 761. The numerous Massachusetts cases are analyzed in *Sterns* v. *Highland Hotel Co.*, 307 Mass. 90, 29 N. E. (2d) 721. The familiar general rules of negligence apply. If, on all the evidence, the question is one of fact, the verdict stands. The brief summary of the testimony places this case in that category.

In its appeal from the judgment, all but one of the assignments of error as to the charge allege failure to charge adequately as to burden of proof, proximate cause and contributory negligence. The defendant also complained of the failure of the charge to distinguish between negligence due to construction and negligence due to failure to repair. Reading the charge as a whole in connection with the claims of proof it is found

"correct in law, adapted to the issues and sufficient for the guidance of the jury." *Bullard* v. *de Cordova,* 119 Conn. 262, 267, 175 Atl. 673. Read in its context, the one passage specifically complained of falls under the same holding.

The single ruling on evidence pursued on the brief related to cross-examination of the defendant's engineer. It does not go beyond the liberality accorded in questions asked on cross-examination of experts and furthermore the answers given were favorable to the defendant.

There is no error.