### FRIEDMAN v. MORRIS.
#### No. 6627.

United States Court of Appeals
Fourth Circuit.

Argued Nov. 20, 1953.

Decided Jan. 4, 1954.

Parker, Chief Judge, dissented in part.

Edmund W. Hening, Jr., Richmond, Va. (R. R. Parrish and Parrish, Butcher & Parrish, Richmond, Va., on the brief), for appellant.

J. Segar Gravatt, Blackstone, Va., for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

SOPER, Circuit Judge.

E. H. Morris, a citizen of Virginia, brought suit in the Circuit Court of

Prince Edward County, Virginia, against Sam Friedman, a citizen of Florida, to recover damages suffered in a collision between an automobile of Morris and an automobile of Friedman at 11 A.M. on November 5, 1950 on a much traveled public road near Farmville, Virginia. The case was removed to the District Court below and was tried before a jury and resulted in a judgment for the plaintiff in the sum of $15,000 for injuries to him and to his car. The principal questions raised on this appeal relate to the negligence of the two parties and to the last clear chance of each of them to avoid the accident.

The most striking feature of the case is the failure of each party to the case to give a satisfactory explanation of the occurrence from his own standpoint. Morris lived in a house at a distance of 150 feet from the west side of the highway, which runs north and south, and ascends a 2.6 per cent grade to the north at this point. His account is that a short time before the accident he had driven to a station on the road one-half mile south of his house to buy gasoline for his car. Returning to his house he drove northerly on his right hand side of the road close to the edge of the paved surface of the highway, followed by several other cars. As he approached the entrance road to his house he slowed down to a speed of three or four miles an hour and gave a signal to the overtaking cars to pass him. The last of these cars, driven by one Guthrie, passed him when he was 15 to 20 feet south of his entrance road. At this point he looked in his mirror to assure himself that no other cars were coming from the rear and then looked to the north and saw nothing approaching him from that direction. At this moment he had a clear vision of the road ahead for a distance of approximately 400 feet. Seeing nothing, he gave a left hand signal indicating a turn to the left and without looking to the north proceeded to cross the road in a diagonal direction to the left towards his entrance road at a speed of three to four miles an hour; and when he reached the center of the road and was straddling the two white lines in the center of the highway he looked north again and saw the defendant's car approximately 200 feet away coming toward him down the grade "like a streak of lightning". Guthrie testified that the Friedman car was going between 50 and 60 miles an hour when it passed him. Morris was moving about five miles an hour at this time in second gear and he thought that the only chance he had "was to step on the gas and make it" to his entrance. The road was 22½ feet wide at this point. There was a shoulder on the west side four and a half feet wide. Morris was able to stop his car in the space of 12 inches going at the rate of three to four miles an hour. His car was struck by the oncoming car a little to the rear of the center and knocked around off the west shoulder of the road so that it was facing north. The front of his car was about three and a half feet from the paved surface when he was hit.

The testimony on behalf of Friedman was not in conflict with this recital except as to the speed of the car which, according to his statement, did not exceed 35 miles per hour, the maximum lawful speed in the zone in which he was traveling; and except that Mrs. Friedman testified that Morris did not make a left hand signal before he started to his left to cross the road. Friedman testified that he first became conscious of the Morris car when it started crossing right in front of him occupying the whole of his right hand lane. He immediately jammed on his brakes but could not avoid the collision. His car left tire marks 72 feet long wholly at his right hand side of the road. His wife first saw the Morris car coming toward him before it turned and then saw it make a sudden turn to its left without any signal. At this time the cars were distant from each other less than the length of the courtroom. Neither of the Friedmans noticed any cars passing them on their left before the accident. Friedman testified that there were no cars in front of him in his lane; and he said that he did not watch for the cars coming the other way,

but kept a lookout for cars in front of him on his side of the road.

■ This statement of the evidence obviously justified the submission to the jury of the issue of negligence as to each of the parties to the collision; and since Morris was the plaintiff, there was the preliminary question whether the evidence of contributory negligence on his part was so strong that it was the duty of the judge to withdraw the case from the jury and grant the defendant's motion for a directed verdict in his favor.

■■ The judge ultimately came to the conclusion that Morris was guilty of negligence as a matter of law but he nevertheless submitted the case to the jury to decide whether or not the defendant had the last clear chance to avoid the accident. He told the jury that even though they believed that Morris failed in some duty imposed upon him in attempting to make his left turn into the entrance and therefore was guilty of negligence, nevertheless if they believed that Friedman saw or should have seen that Morris was making the turn and was in a position of peril from which he could not extricate himself, and that thereafter the defendant, in the exercise of reasonable care, could have avoided a collision by reducing his speed or stopping or pulling to the left, then they should find a verdict for the plaintiff. We think that this instruction was correct for in Virginia the rule of law adopted by the Supreme Court of the State is that the last clear chance exists not only when the party charged with responsibility for an accident discovers that the other party is in peril in time to avoid the accident, but also when the party charged should have made such a discovery by the exercise of reasonable care. There was evidence from which the jury might have found that if Friedman had maintained a careful lookout ahead, he could have seen that Morris' car was crossing the road negligently without looking for southbound traffic, and could have stopped his own car, traveling as he said at the rate of 35 miles an hour, in time to avoid the collision.

■ This instruction, however, presented the rule to the jury from the plaintiff's standpoint alone; and the judge, although requested by the defendant to do so, declined to apply the doctrine conversely to the situation of the defendant. In this respect we think that the court was in error because in Virginia the obligation resting upon the parties to an accident to discover the last clear chance is regarded by the courts as mutual. Virginia Electric & Power Co. v. Vellines, 162 Va. 671, 683, 175 S.E. 35; Virginia Ry. & Power Co. v. Leland, 143 Va. 920, 925, 926, 129 S.E. 700; Virginia E. & P. Co. v. Ford, 166 Va. 619, 628, 186 S.E. 84; Anderson v. Payne, 189 Va. 712, 719, 54 S.E.2d 82; Witter v. Henry, 4 Cir., 181 F.2d 10, 12.

In Virginia Electric & Power Co. v. Vellines, 162 Va. 671, 683, 175 S.E. 35, 40, the court said:

"Continued and concurring negligence is a complete defense unless there be some circumstances or superadded fact which would make reliance upon it inhuman and culpable. One cannot maim or injure another merely because he is negligent. It is only when these superadded facts or circumstances make the conduct of the defendant the proximate cause that the rule applies.

"This doctrine is not intended to protect the interest of any special class of litigants. Plaintiffs and defendants each may invoke it. Their rights and obligations are the same.

" 'The foundation of the doctrine is that the parties are guilty of concurring negligence, and there must be some condition, circumstance, or superadded fact which one of the parties saw, or by the exercise of ordinary care would have seen, that made it his duty to endeavor to avoid injury to the other negligent party, and the obligation of discovering the last clear chance is mutual.' Green v. Ruffin, 141 Va. 628, 125 S.E. 742, 747, 127 S.E. 486. In that case it was also said: 'Assuming that the

plaintiff was negligent, it was her duty, with the automobile in plain view coming toward her, to have looked and stopped when such act would have been effective. She had the same last clear chance to protect herself as the defendant had to protect her, for the doctrine of last clear chance is a duty imposed by law on both the plaintiff and defendant. If, being in plain view of each other, and with equal opportunity to prevent the accident, they are guilty of concurring negligence, there can be no recovery.' "

■ There was ground for the instruction offered by the defendant in this respect. The jury might have found from the evidence that if the plaintiff had kept a careful lookout for cars coming from the north before he crossed the white line in the center of the highway, he could have seen the oncoming car traveling as he said at such a reckless rate of speed that it could not be stopped in time, and could have stopped his own car in time to avoid the collision.

This rule has not been changed by the decision in Umberger v. Koop, 194 Va. 123, 72 S.E.2d 370, as the plaintiff contends. Therein the court merely stated the obvious truth that both parties to an accident cannot have the last clear chance to avoid it and hence the doctrine cannot be applied to both parties at the same time. The court merely reiterated what it had previously said in Virginia E. & P. Co. v. Ford, 166 Va. 619, 629, 186 S.E. 84, 88, as follows:

"The doctrine of the last clear chance applies with equal force to plaintiff and defendant. Their rights and obligations are the same. Virginia Elec. & Power Co. v. Vellines, supra; Green v. Ruffin, supra; McNamara v. Rainey Luggage Corporation, 139 Va. 197, 123 S.E. 515. Plainly it cannot be successfully invoked by both parties to one accident."

Nothing in these decisions forbids the presentation of the doctrine to the jury in the alternative. On the contrary, the decision in Umberger v. Koop, supra, cited the prior decision of the same court in McNamara v. Rainey Luggage Corporation, supra, where the court approved an instruction embodying the last clear chance for the benefit of the defendant and held that it was not in conflict with a last clear chance instruction given for the plaintiff. In the last mentioned case the court made the following statement, 139 Va. 208, 209, 123 S.E. 518:

"That the instruction embodies the doctrine of the last clear chance for the benefit of a defendant is unquestionably true. But for that reason is it to be regarded as an anomaly? We do not think so. * * *

"We do not see anything either dangerous or revolutionary in the doctrine as thus applied. On the contrary, not to apply it in a proper case would work a hardship.

"For instance, an accident occurs; both parties are injured; the one who is the sole proximate cause thereof is the first to file his action and secure a trial. Thus we see, unless the doctrine applied to the defendant in a proper case, the plaintiff by reason of his diligence would occupy a position of vantage that he would not be entitled to occupy if he depended on his mere right to recover. In other words, however responsible he may be for the accident, he could invoke the benefit of a different rule of law from that which would ordinarily prevail, by reason of his own diligence and the tardiness of his adversary in bringing his action."

■■ In the pending case the court was of the opinion that it was not necessary to present the doctrine to the jury as bearing upon the duty of the plaintiff to discover the last clear chance, because of an instruction in which the attention of the jury was drawn to the provisions of Section 46–222(2) of the Motor Vehicle Code of Virginia to the effect that a vehicle shall be driven as nearly as is practicable entirely within a single

lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety. This instruction undoubtedly called the jury's attention to an important duty resting upon the plaintiff, but it did not specifically call its attention to the duty of the plaintiff to avoid the accident notwithstanding the negligence of the defendant. The negligence of both parties in the pending case was so obvious that the instruction with respect to the doctrine of the last clear chance should have emphasized the duty of each party to save the other from the consequences of the other's negligence in substantially the same terms.

The appellant also contends that there was error in refusing his proffered instruction that Morris was guilty of negligence because he had violated Section 46–222(6) of the Code of Virginia which provided at the time of the accident that wherever a highway is marked with double traffic lines consisting of two immediately adjacent solid lines, no vehicle shall be driven to the left of such lines. Subsequent to the accident this section was amended by the Virginia Legislature of 1952 by adding the exception that it shall be lawful to make a left turn upon a highway so marked for the purpose of entering or leaving a public, private or commercial road or entrance.

██ There was no error in this respect. The judge correctly held that the section should be given the same meaning before as well as after the clarifying amendment of 1952. See the opinion of this court in case, Burcham v. J. F. Stevens & Co., Inc., 4 Cir., 209 F.2d 35.

The judgment must be reversed and the case remanded for further proceedings.

Reversed and remanded.

PARKER, Chief Judge (dissenting in part).

I concur in the view that the evidence was sufficient to take the case to the jury and I concur also in the view that under the law of Virginia the doctrine of last clear chance is applicable to the plaintiff as well as to the defendant. This I understand is the law generally, as the last clear chance doctrine has relation to the inquiry as to whose negligence is to be deemed the proximate cause of the injury. I think, however, that the charge of the trial judge correctly applied the doctrine. After correctly charging the jury that negligence on the part of plaintiff which contributed to his injury would bar recovery by him, the judge charged:

"You are told that even though you may believe that Mr. Morris did not exercise proper care, or failed in some duty imposed upon him in attempting to make his left turn into the entrance road, nevertheless, if you believe that the defendant, Friedman, saw or should have seen that the plaintiff was making the turn and was in a position of *peril from which he could not extricate himself,* and that *thereafter* the defendant, in the exercise of reasonable care, should have avoided a collision by reducing his speed or stopping or by pulling to the left, then you should find your verdict for the plaintiff." (Italics supplied.)

It will be noted that the application of the last clear chance doctrine was made to depend upon a finding that defendant saw or should have seen that plaintiff was "in a position of peril from which he could not extricate himself" and that "thereafter" he failed to use reasonable care to avoid a collision which he could have avoided. Having made the application of the doctrine depend upon plaintiff's being in a position of peril "from which he could not extricate himself", and defendant's having "thereafter" an opportunity to avoid injuring him, it would have added nothing but confusion to have said that if the plaintiff had the last chance to avoid the injury he would be barred of recovery; for the plaintiff could not have had such chance if he was in a position of peril from which he could not extricate himself. The jury had already been told that negligence of the plaintiff which contributed to the injury would bar recovery; and in the

instruction on the last clear chance the jury was told that there was an exception to the rule if defendant had a last clear chance to avoid the injury and failed to exercise it. This is the usual way in which the charge on the doctrine of last clear chance is given, and I think it sufficient. As pointed out by the trial judge, the departure from the usual charge asked by defendant's counsel would have served no purpose except to confuse the jury.

The charge of the court is given for the guidance of the jury in determining whether or not the defendant is liable to the plaintiff. The last clear chance doctrine is properly charged in connection with contributory negligence, for under the latter doctrine the jury is charged that contributory negligence bars recovery. This is absolutely true unless the contributory negligence is not the proximate cause of the injury and under the last clear chance doctrine the jury is instructed on this element of proximate cause, i. e., the contributory negligence of plaintiff is not deemed the proximate cause of the injury barring right of recovery, if notwithstanding such negligence defendant was subsequently guilty of negligence in failing to avoid the injury when he saw or should have seen plaintiff in a condition of peril from which he could not extricate himself. Nothing would be added to such a statement of the rule by saying that, if the plaintiff, not the defendant, had the last clear chance of avoiding the injury he could not recover; for the jury has already been told that his negligence bars recovery unless the last clear chance is with the defendant. In such a situation it has been held by the Virginia court that it is error to give instructions applying the last clear chance doctrine to the other party. Umberger v. Koop, 194 Va. 123, 72 S.E.2d 370, 376, 377. The instruction here followed strictly the rule laid down in the case cited, where it is said:

"The basis of the doctrine of last clear chance is that, notwithstanding the prior negligence of plaintiff, the subsequent negligence of defendant is the sole proximate cause of an accident. In order for a defendant to be held liable under this doctrine, it must appear from the evidence that the plaintiff has negligently placed himself in a position of imminent peril and he is either unaware of his perilous situation, or unable to escape therefrom, or both, and defendant was apprised of his presence and realized, or, in the exercise of reasonable care, should have realized, his danger in time to avoid the accident, and failed to do so."

The charge is in accord also with the rule laid down in Street's Foundations of Legal Liability quoted in the case cited as follows:

"It is seen that wherever the court or jury can see that the harm complained of was proximately caused by the negligence of one of the parties, while the negligence of the other was only remotely connected with that harm, the person whose negligence is the proximate cause must be held responsible. If that person is the defendant, then the plaintiff may recover; if that person is the plaintiff, himself, then the action must fall.

"This principle is neatly and accurately summed up in the doctrine of 'the last clear chance,' which is to the effect that whenever the respective acts of negligence on the part of the plaintiff and defendant are not actually concurrent, but one succeeds the other by an appreciable interval, the person who has the last clear chance to avoid the impending harm and negligently fails to do so is chargeable with the whole."

The jury was properly and adequately instructed that plaintiff would be barred of recovery by his contributory negligence unless, in proper application of the last clear chance doctrine, the defendant thereafter could have discovered his peril and avoided the injury. I think the judgment below should be affirmed.